UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISON

| | | |
|---|---|---|
| LYNN STARKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CAUSE NO.: 1:19-cv-3153 |
| ROMAN CATHOLIC ARCHDIOCESE | ) | |
| OF INDIANAPOLIS, INC. AND | ) | |
| RONCALLI HIGH SCHOOL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lynn Starkey (hereinafter "Starkey"), by counsel, files this Complaint and Demand for Jury Trial against her co-employers, Defendants Roman Catholic Archdiocese of Indianapolis, Inc. ("Archdiocese") and Roncalli High School, Inc.  ("Roncalli") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, Starkey also brings state law business tort claims against the Archdiocese for its direct interference in her contractual and employment relationships with Roncalli.

## I.    PARTIES, VENUE, AND JURISDICTION

1.      Starkey is a citizen of Indiana and resident of Indianapolis, Indiana.

2.      The Archdiocese and Roncalli are non-profit domestic corporations organized and incorporated under the laws of Indiana with their principal places of business located in Indianapolis, Indiana.

3.      Starkey, a female, is an "employee" of the Archdiocese and Roncalli as defined in 42 U.S.C. § 2000e(f). Starkey worked for Roncalli from 1978 to 2019.  The Archdiocese provided Starkey's employment-related benefits during her recent years of employment.

4.      The Archdiocese and Roncalli receive federal financial assistance.

5.      This Court has personal jurisdiction over Plaintiff and Defendants and venue is proper in this Court.

6.      This Court has original subject matter jurisdiction over Starkey's claims arising under Title VII of the Civil Rights Act of 1964, as amended, and Title IX of the Education Amendments of 1972, pursuant to 42 U.S.C. § 2000e-2, 20 U.S.C. § 1681, and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391, in that the Archdiocese and Roncalli are subject to personal jurisdiction in the Southern District of Indiana, the Archdiocese and Roncalli regularly conduct business activities within the Southern District of Indiana, and the events giving rise to the claims occurred in the Southern District of Indiana.

7.      This Court has supplemental jurisdiction over Starkey's claims arising under Indiana law pursuant to 28 U.S.C. § 1367.

8.      Starkey satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2018, against the Roman Catholic Archdiocese of Indianapolis, Inc. (Charge No. 470-2019-00618). Starkey filed amended Charges of Discrimination on March 25, 2019, and May 9, 2019.

9.      On or about July 3, 2019, the EEOC issued a Notice of Right to Sue related to Starkey's Charge of Discrimination against the Archdiocese (Charge No. 470-2019-00618).

10.     Starkey satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2018, against Roncalli High School, Inc. (Charge No. 470-2019-00620). Starkey filed amended Charges of Discrimination on March 25, 2019, and May 9, 2019.

11.     On or about July 3, 2019, the EEOC issued a Notice of Right to Sue related to Starkey's Charge of Discrimination against Roncalli (Charge No. 470-2019-00620).

## II.     FACTUAL ALLEGATIONS

12.     Plaintiff incorporates by reference all other allegations of her Complaint as if fully set forth here.

13.     Starkey was the Co-Director of Guidance at Roncalli, a private Roman Catholic School operated by the Roncalli Board of Directors under the direction of the Archdiocese.

14.     Roncalli employed Starkey for 39 years, up to and including May 2019, including the past 21 years as a guidance counselor and/or Co-Director of Guidance.

15.     As Co-Director of Guidance, Starkey was responsible for providing academic and post-secondary (college/career) guidance counseling services to high school students, as well as other various administrative services.

16.     Starkey's job duties and responsibilities as a guidance counselor did not include any religious duties or teaching duties.

17.     Starkey has never held a title with the Catholic Church, or held herself out as a minister.

18.     Starkey did not perform any important religious functions for the Catholic Church.

3

19.     Starkey did not receive any specific religious training from Roncalli or the Archdiocese.

20.     Starkey has not been a practicing Catholic for many years.   Neither the Archdiocese nor Roncalli required Starkey to be Catholic, to belong to a Catholic parish, to attend weekly Catholic mass, nor to donate financially to the Catholic Church.

21.     Starkey's role as guidance counselor did not include leading prayer or other religious services, nor did it include integrating religious teachings into her interactions with students.

22.     In May 2016, the Archdiocese's Human Resources department confirmed to Roncalli's Principal, Chuck Weisenbach, via email, that the Archdiocese's lawyers have confirmed that "school counselors and social workers do not meet the definition for the ministerial exemption."

23.     Starkey was employed pursuant to a "School Teacher Contract" that was renewed on an annual basis, for 39 years.

24.     Approximately four years ago, the Archdiocese directed Roncalli and other Archdiocesan schools to implement uniform "morals clause" language in its teacher contracts.

25.     Since the 2017-18 school year, Roncalli, at the direction of the Archdiocese, required Starkey to sign a "Ministry" contract, but did not provide her with ministerial or religious training, in contrast to priests and religion teachers, who did receive religious training.

26.     Starkey is a homosexual female, and has a female spouse, to whom she has been married since 2015.

27.     Prior to August 2018, Starkey's counterpart as Co-Director of Guidance was Shelly Fitzgerald.

28.     Fitzgerald is also a homosexual female and married to a female spouse.

29.     On August 10, 2018, Roncalli President Joseph Hollowell and Roncalli Principal Chuck Weisenbach met with Fitzgerald and informed her that a parishioner at a local church had obtained a copy of Fitzgerald's marriage license, and had given it to a priest, who had shared it with them.

30.     President Hollowell and Principal Weisenbach presented Fitzgerald with the options of resigning, dissolving her marriage, "keeping quiet" until her contract was up (at which time it would not be renewed), or being fired.

31.     Fitzgerald refused to resign or dissolve her marriage.

32.     On August 12, 2018, the Archdiocese and Roncalli placed Fitzgerald on paid administrative leave and barred her from the school campus.

33.     Fitzgerald told Starkey and the rest of the Guidance Department about the August 10, 2018, meeting immediately after it happened.

34.     Principal Weisenbach, as well as other Roncalli administrators, were aware of Starkey's sexual orientation (and female partner) well before August 10, 2018.

35.     Upon learning of President Hollowell and Principal Weisenbach's meeting with Fitzgerald, Starkey reasonably became concerned about her own employment status.

36.     On August 13, 2018, Starkey attended a meeting with Archbishop Charles Thompson, Superintendent of Archdiocesan Schools Gina Fleming, a priest specializing in canon law, President Hollowell, Principal Weisenbach, the Roncalli Administrative Council, and the Roncalli Board of Directors.

37.     During the August 13, 2018, meeting, the canon law specialist reminded the attendees what constituted a "valid marriage" under Catholic Church teachings, sharing that the purpose of marriage is to procreate.

38.     During the August 13, 2018, meeting, Starkey asked why gay marriage was such a hot button issue, compared to other "sins."

39.     On August 14, 2018, Starkey wrote out prepared remarks, and shared them with Principal Weisenbach. Starkey asked Principal Weisenbach whether the remarks would be useful for her to read at the upcoming Administrative Council meeting, so they could understand what it was like to work at Roncalli as a gay person. Principal Weisenbach asked Starkey whether she had a civil union. Starkey asked him whether he really wanted to ask her that question. Principal Weisenbach said "yes." Starkey answered, "yes."

40.     On August 21, 2018, the Archbishop published a letter condemning Fitzgerald's marriage, sparking protests at Roncalli from students, teachers, and parents.

41.     Following the placement of Fitzgerald on administrative leave, Starkey was required to assume many of Fitzgerald's work responsibilities, in addition to her own, substantially adding to her workload in the Fall 2018 semester.

42.     The Archdiocese and Roncalli's mistreatment of Fitzgerald signaled that she and other gay employees were not welcome to work at the Archdiocese and Roncalli. Starkey feared that she would be targeted next.

43.     On November 16, 2018, Starkey filed Charges of Discrimination with the EEOC against the Archdiocese and Roncalli.

44.     On March 6, 2019, Starkey informally learned that her annual contract with Roncalli would not be renewed for the 2019-2020 academic year.

45.     On May 1, 2019, Starkey received a letter from Principal Weisenbach officially notifying her that she would not be offered a contract for the 2019-2020 school year. The letter stated that Starkey's "civil union is a violation [her] contract and contrary to the teaching of the Catholic Church." Starkey's current contract expires on August 31, 2019.

46.     Upon information and belief, other than Fitzgerald and Starkey, neither the Archdiocese nor Roncalli has terminated or non-renewed any teacher or employee for being legally married to an opposite sex spouse, even when opposite sex marriages violate Church teachings.

47.     Starkey has lost sleep, gained weight, and suffers from anxiety from Defendants' actions. Starkey took FMLA leave from December 4, 2018, to January 6, 2019, and again from April 24, 2019, to May 30, 2019, in order to receive medical and mental health treatment for the emotional distress that she has suffered.

### III.     LEGAL ALLEGATIONS

### Count I: Violation of Title VII – Discrimination on the Basis of Sexual Orientation

48.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

49.     Starkey is a member of a protected class due to her sexual orientation.

50.     Defendants knew about Starkey's sexual orientation for years.

51.     Starkey is in a legally valid same sex marriage.

52.     Roncalli and the Archdiocese employ heterosexual teachers who are in legally valid, opposite sex marriages that violate Church teachings.

53.     Starkey met or exceeded Defendants' legitimate performance expectations at all times during her employment.

54.    Starkey suffered one or more adverse employment actions, impacting the terms and conditions of her employment, including but not limited to a hostile work environment and the non-renewal of her employment contract, or Defendants' refusal to offer her a new employment contract, on May 1, 2019.

55.    Defendants treated Starkey differently, and to her detriment, as compared to similarly situated heterosexual employees.

56.    There is a causal connection between Starkey's sexual orientation and marital status and Defendants' adverse employment actions towards her.

57.    Starkey has suffered damages as a result of Defendants' discriminatory actions, including but not limited to lost back pay, lost front pay, loss of future earning capacity, lost employer provided benefits, and emotional distress damages.

<u>**Count II: Violation of Title VII – Retaliation**</u>

58.    Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

59.    Starkey engaged in a protected activity by filing Charges of Discrimination with the EEOC against the Archdiocese and Roncalli on November 16, 2018, March 25, 2019, and May 9, 2019.

60.    Starkey engaged in protective activity by opposing Defendants' unlawful employment practices, including but not limited to her opposition to Defendants' actions towards Fitzgerald due to Fitzgerald's sexual orientation.

61.    Starkey suffered one or more adverse employment actions, impacting the terms and conditions of her employment, including but not limited to a hostile work environment and

the non-renewal of her employment contract, or Defendants' refusal to offer her a new employment contract, on May 1, 2019.

62.     But for Starkey's protected activities, Defendants would not have taken adverse employment actions towards her.

63.     Defendants retaliated against Starkey for causing a "scandal" through the filing of her EEOC Charges and publicity associated with those filings.

64.     Starkey has suffered damages as a result of Defendants' retaliatory actions, including but not limited to lost back pay, lost front pay, loss of future earning capacity, lost employer provided benefits, and emotional distress damages.

### Count III:     Violation of Title VII – Hostile Work Environment

65.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

66.     Starkey is a member of a protected class due to her sexual orientation.

67.     From August 2018 through her last day of employment, Starkey was subject to a hostile work environment based on her sexual orientation.

68.     The work environment at Roncalli was objectively and subjectively hostile towards homosexual students, faculty, and staff, and sufficiently severe or pervasive to alter the terms of conditions of employment.

69.     Defendants knew or should have known about the hostile work environment experienced by Starkey and failed to take any reasonable steps to take corrective action or prevent the hostile work environment from recurring.

70.     Starkey has suffered damages as a result of Defendants' discriminatory actions, including but not limited to emotional distress damages, mental anguish, and pain and suffering.

Case 1:19-cv-03153-RLY-TAB   Document 1   Filed 07/29/19   Page 10 of 14 PageID #: 10

**<u>Count IV:     Violation of Title IX - Retaliation</u>**

71.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

72.     At all relevant times, Defendants received federal financial assistance, including but not limited to under the National School Lunch Program, special needs program, school voucher program and/or other Federal education programs.

73.     Starkey engaged in protected activity under Title IX by opposing Defendants' unlawful sex, marital status and/or sexual orientation discrimination against herself and/or Fitzgerald.

74.     Starkey suffered one or more adverse employment actions, impacting the terms and conditions of her employment, including but not limited to a hostile work environment and the non-renewal of her employment contract, or Defendants' refusal to offer her a new employment contract, on May 1, 2019.

75.     But for Starkey's protected activities, Defendants would not have taken adverse employment actions towards her.

76.     Defendants retaliated against Starkey for causing a "scandal" through her complaints of sex, sexual orientation, and/or marital status discrimination and publicity associated with those complaints.

77.     Starkey has suffered damages as a result of Defendants' retaliatory actions, including but not limited to lost back pay, lost front pay, loss of future earning capacity, lost employer provided benefits, and emotional distress damages.

## Count V:      Intentional Interference with Contractual Relationship

### (against the Archdiocese only)

78.      Starkey incorporates all other paragraphs in this Complaint as if fully set forth herein.

79.      Starkey and Roncalli had a valid and existing contract for Starkey's employment as a guidance counselor and Co-Director of Guidance at Roncalli.

80.      Based on her 39 years of successful employment, positive performance evaluations, and excellent professional reputation, Starkey had every reason to expect to continue to work at Roncalli for the foreseeable future.

81.      The Archdiocese knew about Starkey and Roncalli's contract.

82.      The Archdiocese intentionally interfered with Starkey's contract with Roncalli by forcing Roncalli to not renew Starkey's contract for the 2019-20 school year.

83.      The Archdiocese intentionally interfered with Starkey's contract with Roncalli by directing Roncalli to implement a "morals clause" in Starkey's contract.

84.      The Archdiocese's interference with Starkey's contract with Roncalli was not justified.

85.      As a result of the Archdiocese's intentional interference with the contractual relationship between Starkey and Roncalli, Starkey has suffered injuries and damages, including, but not limited to, lost compensation and wages, lost employer provided benefits, out of pocket expenses, emotional distress, attorney's fees and costs, and damage to her reputation.

### Count VI:     Intentional Interference with Employment Relationship

### (against the Archdiocese only)

86.     Starkey incorporates all other paragraphs in this Complaint as if fully set forth herein.

87.     Starkey and Roncalli had a valid and existing employment relationship.

88.     The Archdiocese knew about Starkey's employment relationship with Roncalli.

89.     The Archdiocese intentionally interfered with Starkey's employment relationship with Roncalli by forcing Roncalli to not renew Starkey's contract for the 2019-20 school year.

90.     The Archdiocese intentionally interfered with Starkey's employment with Roncalli by directing Roncalli to implement a "morals clause" in Starkey's contract.

91.     The Archdiocese's interference with Starkey's employment with Roncalli was not justified.

92.     As a result of the Archdiocese's intentional interference with the employment relationship between Starkey and Roncalli, Starkey has suffered injuries and damages, including, but not limited to, lost compensation and wages, lost employer provided benefits, out of pocket expenses, emotional distress, attorney's fees and costs, and damage to her reputation.

### IV.     RELIEF REQUESTED

Starkey requests the following relief:

a.  Compensatory damages;

b.  Damages to compensate Starkey for emotional distress, mental anguish, and pain and suffering;

c.  All wages and other economic benefits lost as a result of Defendants' unlawful actions, including but not limited to back pay, front pay, loss of future earning capacity and employer provided benefits;

d.  Damages to compensate Starkey for harm to her reputation;

e.  Liquidated damages and/or punitive damages;

f.  All costs and reasonable attorney fees incurred in litigation in this action;

g.  Pre-judgment and post-judgment interest; and

h.  Any and all other legal and/or equitable relief to which Starkey is entitled.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205

13

## **JURY DEMAND**

Plaintiff, Lynn Starkey, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205

14