UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 1:19-cv-03153-RLY-TAB ) |
| RONCALLI HIGH SCHOOL, INC., and ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC. | ) ) ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY PROCEEDINGS**

Defendants Roncalli High School, Inc. ("Roncalli") and the Roman Catholic Archdiocese of Indianapolis ("Archdiocese") (collectively, "Defendants"), by counsel, submit this Memorandum of Law in support of their Motion to Stay Proceedings.

**BACKGROUND**

On April 22, 2019, the Supreme Court granted certiorari in two separate cases to review whether Title VII covers claims of discrimination based on sexual orientation: *Altitude Express v. Zarda*, No. 17-1623, *cert. granted* 2019 WL 1756678 (U.S. Apr. 22, 2019), and *Bostock v. Clayton County, Ga.*, No. 17-1618, *cert. granted* 2019 WL 1756677 (U.S. Apr. 22, 2019). The Supreme Court has scheduled oral argument for October 8, and a decision is expected before the end of the Term.

On July 29, 2019, Plaintiff Lynn Starkey filed the Complaint in this case, which also alleges discrimination based on sexual orientation. The Complaint alleges federal jurisdiction based on four claims "arising under Title VII of the Civil Rights Act of 1964, as amended, and Title IX of the Education Amendments of 1972." Compl. ¶ 6. The first claim alleges "Discrimination on the Basis of Sexual Orientation" under

1

Title VII, stating that Ms. Starkey's contract to teach at a Catholic school was not renewed due to her same-sex civil union. Compl. Count 1 and ¶ 45. The second claim alleges retaliation under Title VII arising from Ms. Starkey's "opposition to Defendants' actions towards Fitzgerald"—another employee in a same-sex marriage—"due to Fitzgerald's sexual orientation." Compl. ¶ 60. The third claim alleges a hostile work environment under Title VII "based on sexual orientation." Compl. ¶ 67. The fourth and final federal claim alleges retaliation under Title IX arising from "opposing Defendants' unlawful sex, marital status and/or sexual orientation discrimination against herself and/or Fitzgerald." Compl. ¶ 73. The Complaint also alleges that the Court has "supplemental jurisdiction" over two related state-law claims. All claims asserted in the complaint arise out of the Archdiocese's and Roncalli's alleged actions after discovering that Ms. Starkey and another Roncalli employee were in same-sex civil unions. Compl. ¶ 13, 27; 42.

## ARGUMENT

### I. A stay is appropriate where a pending Supreme Court decision will resolve material issues.

"[T]he power to stay proceedings is incidental to the power of every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA,* 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). District courts have "broad discretion" in determining whether to grant a stay, and they generally consider three factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *GoodCat, LLC v. Cook*, No. 116CV01514RLYDML, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016).

2

When "independent proceedings" in another case "bear upon the case" at hand, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see Marseilles Hydro Power, LLC. v. Marseilles Land & Water Co.*, No. 00 CV 1164, 2003 WL 259142, at *4 (N.D. Ill. Feb. 4, 2003) (quoting same). Accordingly, "[i]t is not uncommon for lower courts to stay proceedings in pending matters when cases containing material issues are awaiting determination by the United States Supreme Court." *Burke v. Alta Colleges, Inc.*, No. 11-CV-02990-WYD-KLM, 2012 WL 502271, at *2 (D. Colo. Feb. 15, 2012) (stay granted where Supreme Court decision "will likely impact [the] case in some fashion"); *see also Larson v. Trans Union, LLC*, 2015 WL 3945052 at *8 (N.D. Cal. June 26, 2015) (absent stay, the court and parties "would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary").

"Such stays are entered quite routinely," including in the Seventh Circuit, where a pending Supreme Court case may address a relevant issue. *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006); *see, e.g.*, *Mexicana v. Indiana*, No. 2:11-CV-482 JD, 2013 WL 4088690, at *1 (N.D. Ind. Aug. 13, 2013) (all proceedings were stayed pending "a Supreme Court case deciding potentially related constitutional challenges"); *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 574 (N.D. Ill. 2018) (case was stayed "pending the U.S. Supreme Court's rulings" in two matters which the District Court found "could potentially affect [plaintiff's] standing"). This practice has been followed even where a petition for certiorari is merely pending and the Supreme Court has not yet granted review. *See, e.g.*, *Tax Analysts and Advocates v. IRS*, 405 F. Supp. 1065, 1067-68 (D.D.C. 1975) (stay of "all further proceedings" warranted because pending certiorari petition could result in binding precedent being overruled); *Coombs v. Diguglielmo*, No. Civ. 04-1841, 2004 WL 1631416 at *1-*2 (E.D.

Pa. July 21, 2004) (stay granted where pending petition for certiorari "may have a significant impact on the case before the court").

## II. Pending Supreme Court decisions will have a direct effect on this litigation.

Here, the Supreme Court has already granted certiorari, received briefing, and scheduled oral argument on a key legal question that goes to the heart of all four of Plaintiff's federal claims. Specifically, the Court has agreed to resolve whether Title VII's "prohibition . . . against employment discrimination 'because of . . . sex' encompasses discrimination based on an individual's sexual orientation." Pet. at i, *Altitude Express v. Zarda*, No. 17-1623 (U.S. May 29, 2018). Plaintiff's first three counts are based on the theory that sexual-orientation discrimination is a form of "sex" discrimination under Title VII. *See, e.g.*, *Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999) (denying Title VII retaliation claim where practice opposed was not proscribed by Title VII). Although the Seventh Circuit has adopted this view, *see Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339 (7th Cir. 2017), the majority of circuits have rejected it.[1] If the Supreme Court agrees with the majority of circuits, Plaintiff's first three counts will fail as a matter of law.

Plaintiff's fourth count extends the same theory—that sexual-orientation discrimination is a form of "sex" discrimination—to Title IX. And while Title IX is not specifically at issue in *Altitude Express* and *Bostock*, the Seventh Circuit and other

---

[1] *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 259 (1st Cir. 1999); *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001); *Wrightson v. Pizza Hut*, 99 F.3d 138, 143 (4th Cir. 1996); *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 763 (6th Cir. 2006); *Williamson v. A.G. Edwards & Sons*, 876 F.2d 69, 70 (8th Cir. 1989); *DeSantis v. Pacific Tel. & Tel. Co.*, 608 F.2d 327, 329-30 (9th Cir. 1979), *abrogated in part on other grounds, Nichols v. Azteca Restaurant Enterpr.*, 256 F.3d 864, 874-75 (9th Cir. 2001); *Medina v. Income Support Div.*, 413 F.3d 1131, 1135 (10th Cir. 2005); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1255 (11th Cir. 2017).

courts have "looked to Title VII when construing Title IX" as to the scope of discrimination on the basis of sex. *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1047 (7th Cir. 2017) (gender identity), *cert. dismissed sub nom. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ. v. Whitaker ex rel. Whitaker*, 138 S. Ct. 1260 (2018); *see, e.g.*, *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 953 (D. Minn. 2018) (if Title VII prohibits gender identity discrimination, "by extension Title IX" does so as well). Thus, if the Supreme Court rejects the theory that sexual-orientation discrimination is a form of "sex" discrimination under Title VII, Plaintiff's Title IX claim will fail as well.

A stay of the federal claims is particularly appropriate here because ongoing proceedings would raise important, unresolved statutory and constitutional questions. For example, while current Seventh Circuit precedent extends Title VII to sexual-orientation claims, the Seventh Circuit has expressly "saved for another day" the "[a]dditional complications" under federal law and the Constitution that arise when such claims are brought against "religious institution[s]" regarding "positions . . . related to a religious mission." *Hively v. Ivy Tech Cmty. Coll. of Indiana*, 853 F.3d 339, 351 (7th Cir. 2017) (*en banc*) (citing 42 U.S.C. § 2000e-1(a)'s religious employer exception); *see Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655, 660 (7th Cir. 2018) (First Amendment found to bar employment discrimination action by Jewish school teacher where "the school clearly intended for her role to be connected to the school's Jewish mission"), *cert. denied*, 139 S. Ct. 456 (2018). Given that the Supreme Court may resolve this case based solely on the text of Title VII, a stay will obviate the need for this Court to weigh in prematurely—and perhaps unnecessarily—on important, unresolved constitutional questions.

A stay of Plaintiff's state-law claims is also appropriate, given that they rely exclusively on this Court's supplemental jurisdiction under 28 U.S.C. § 1367. If the Supreme Court's rulings in *Altitude Express* or *Bostock* require dismissal of the

federal claims, "[a] general presumption in favor of relinquishment [of jurisdiction over the state-law claims] applies." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). That presumption is "particularly strong where"—as here—"the state-law claims are complex and raise unsettled legal issues." *Id.*; *see* 28 U.S.C. § 1367(c)(1) (discretion to dismiss claim that "raises a novel or complex issue of State law," even if related federal claim remains). Specifically, the state-law claims here implicate complex issues of church autonomy and expressive association, as have been raised in another proceeding charging the Archdiocese with intentional interference on similar grounds. *See* Mem. Supp. Mot. to Dismiss, *Payne-Elliott v. Roman Catholic Archdiocese of Indianapolis*, No. 49D01-1907-PL-0277728 (Ind. Super. Ct. Aug. 21, 2019), https://public.courts.in.gov/mycase#/vw/Search.

In short, where the Supreme Court "will likely provide substantial clarity for lower courts" facing unresolved areas of law, "it would be a waste of judicial resources for the case to move forward" while the relevant case is still pending. *Versata Software, Inc., v. Dorado Software, Inc.*, 2014 WL 1330652 at *3 (E.D. Cal. Mar. 28, 2014); *see, e.g.*, *Freedom From Religion Found., Inc. v. Cty. of Lehigh*, 933 F.3d 275 (3d Cir. 2019) (Establishment Clause case was "held" until eleven months following argument, "pending resolution" of related issue in *American Legion v. American Humanist Association*, 139 S. Ct. 2067 (2019)). Granting a stay here will not unduly prejudice Plaintiff, it will simplify the issues in question, and it will reduce the burden of litigation on the parties and on the court. *GoodCat, LLC v. Cook*, No. 116CV01514RLYDML, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016). That is particularly so where the relevant case will be heard by the Supreme Court next month and decided in less than a year. *See Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (determining equities weighed in favor of awaiting "guidance by the ultimate arbiter" on plaintiffs' First Amendment claims, noting "the stay will last

no longer than the year or so it will take the Supreme Court to decide"). Accordingly, a stay is appropriate.

## CONCLUSION

For the foregoing reasons, this Court should stay further proceedings pending the Supreme Court's decision in *Altitude Express* and *Bostock*.

Respectfully submitted.

MERCER BELANGER


By: /s/ John S. (Jay) Mercer
JOHN S. (JAY) MERCER, #11260-49
MERCER BELANGER
One Indiana Square, Suite 1500
Indianapolis, IN 46204
(317) 636-3551
(317) 636-6680 fax

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served upon the following on September 9, 2019 by this Court's electronic filing system: Kathleen A. DeLaney, DeLaney & DeLaney LLC 3646 N. Washington Boulevard Indianapolis, IN 46205.

<u>By: /s/ John S. (Jay) Mercer</u>
JOHN S. (JAY) MERCER
MERCER BELANGER
One Indiana Square, Suite 1500
Indianapolis, IN 46204
(317) 636-3551
(317) 636-6680 fax