UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISON

LYNN STARKEY,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )
                                       )        CAUSE NO.: 1:19-cv-3153
ROMAN CATHOLIC ARCHDIOCESE )
OF INDIANAPOLIS, INC. AND              )
RONCALLI HIGH SCHOOL, INC.,            )
                                       )
        Defendants.                    )

## ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Roman Catholic Archdiocese of Indianapolis, Inc. ("Archdiocese") and Roncalli High School, Inc. ("Roncalli") (together, "Defendants"), by counsel, files this Answer to Plaintiff's Complaint and Demand for Jury Trial as follow:

### I.      PARTIES, VENUE, AND JURISDICTION

1.      Starkey is a citizen of Indiana and resident of Indianapolis, Indiana.

Answer: Defendants admit the allegations set forth in paragraph 1.

2.      The Archdiocese and Roncalli are non-profit domestic corporations organized and incorporated under the laws of Indiana with their principal places of business located in Indianapolis, Indiana.

Answer: Defendants admit the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.      Starkey, a female, is an "employee" of the Archdiocese and Roncalli as defined in 42 U.S.C. § 2000e(f). Starkey worked for Roncalli from 1978 to 2019. The Archdiocese provided Starkey's employment-related benefits during her recent years of employment.

Answer: The statement as to the scope of 42 U.S.C. § 2000e(f) is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that Starkey was an "employee" as defined in 42 U.S.C. § 2000e(f), where the Defendants are exempt employers pursuant to 42 U.S.C. § 2000e-1(a) and/or 42 U.S.C. § 2000e-2(e). Defendants admit that Starkey was employed by the Archdiocese from 1978 until 2009 and was thereafter employed by Roncalli, after its incorporation, from 2009 until 2019. The Archdiocese denies that it provided Starkey's employment-related benefits during her recent years of employment; such benefits were provided by her employer, Roncalli. The Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      The Archdiocese and Roncalli receive federal financial assistance.

Answer:  To the extent "federal financial assistance" is used as a legal term of art, this allegation is a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Roncalli students received benefits and services through from funding through Title and Special Education based on student eligibility. Defendants deny that any federal funds are rendered directly to the Archdiocese or Roncalli.

5.      This Court has personal jurisdiction over Plaintiff and Defendants and venue is proper in this Court.

Answer: Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in paragraph 5 of Plaintiff's Complaint, except to the extent that proper venue turns on the court having subject-matter jurisdiction over the action, which Defendants deny.

6.      This Court has original subject matter jurisdiction over Starkey's claims arising under Title VII of the Civil Rights Act of 1964, as amended, and Title IX of the Education

Amendments of 1972, pursuant to 42 U.S.C. § 2000e-2, 20 U.S.C. § 1681, and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391, in that the Archdiocese and Roncalli are subject to personal jurisdiction in the Southern District of Indiana, the Archdiocese and Roncalli regularly conduct business activities within the Southern District of Indiana, and the events giving rise to the claims occurred in the Southern District of Indiana.

Answer:  Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny this Court has original subject matter jurisdiction over Starkey's claims arising claims arising under Title VII of the Civil Rights Act of 1964, as amended, and Title IX of the Education Amendments of 1972, pursuant to 42 U.S.C. § 2000e-2, 20 U.S.C. § 1681, and 28 U.S.C. § 1331. Defendants admit that venue is proper pursuant to 28 U.S.C. § 1391 if the Court has subject matter jurisdiction. All other allegations and inferences of paragraph 6 are denied.

7.     This Court has supplemental jurisdiction over Starkey's claims arising under Indiana law pursuant to 28 U.S.C. § 1367.

Answer:   Paragraph 7 states a legal conclusion to which no response is required. Defendants deny that this Court has supplemental jurisdiction over Starkey's claims arising under Indiana law pursuant to 28 U.S.C. § 1367, where it lacks subject matter jurisdiction over the state law claims. All other allegations and inferences of paragraph 7 are denied.

8.     Starkey satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2018, against the Roman Catholic Archdiocese of Indianapolis, Inc. (Charge No. 470-2019-00618). Starkey filed amended Charges of Discrimination on March 25, 2019, and May 9, 2019.

Answer: Defendants admit the factual allegations set forth in paragraph 8. The statement that these facts satisfy the legal requirements for exhaustion is a legal conclusion to which no response is required.

9.     On or about July 3, 2019, the EEOC issued a Notice of Right to Sue related to Starkey's Charge of Discrimination against the Archdiocese (Charge No. 470-2019-00618).

Answer: Defendants admit the factual allegations set forth in paragraph 9. The statement that these facts satisfy the legal requirements for exhaustion is a legal conclusion to which no response is required.

10.    Starkey satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2018, against Roncalli High School, Inc. (Charge No. 470-2019-00620). Starkey filed amended Charges of Discrimination on March 25, 2019, and May 9, 2019.

Answer: Defendants admit the factual allegations set forth in paragraph 10. The statement that these facts satisfy the legal requirements for exhaustion is a legal conclusion to which no response is required.

11.    On or about July 3, 2019, the EEOC issued a Notice of Right to Sue related to Starkey's Charge of Discrimination against Roncalli (Charge No. 470-2019-00620).

Answer: Defendants admit the allegations set forth in paragraph 11.

## II.    FACTUAL ALLEGATIONS

12.    Plaintiff incorporates by reference all other allegations of her Complaint as if fully set forth here.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

13.    Starkey was the Co-Director of Guidance at Roncalli, a private Roman Catholic

School operated by the Roncalli Board of Directors under the direction of the Archdiocese.

Answer:  Defendants admit that Starkey was the Co-Director of Guidance at Roncalli. Defendants deny that Roncalli is a private Roman Catholic School operated by the Roncalli Board of Directors. Defendants admit that Roncalli is an archdiocesan high school of which the Archbishop of the Archdiocese of Indianapolis is the sole corporate member. All other allegations and inferences of paragraph 13 are denied.

14.     Roncalli employed Starkey for 39 years, up to and including May 2019, including the past 21 years as a guidance counselor and/or Co-Director of Guidance.

Answer: Defendants admit that Starkey was employed by the Archdiocese from 1978 until 2009 and was thereafter employed by Roncalli, after its incorporation, from 2009 until 2019. Defendants admit that during her 39 years at Roncalli, Starkey was employed as a religion teacher, music teacher, drama teacher, choral director, guidance counselor and co-director of guidance. Defendants admit that Starkey was employed as a guidance counselor from 1998 until 2007. Defendants admit that Starkey was employed as a co-Director of Guidance from 2007 until 2019. All other allegations and inferences of paragraph 14 are denied.

15.     As Co-Director of Guidance, Starkey was responsible for providing academic and post-secondary (college/career) guidance counseling services to high school students, as well as other various administrative services.

Answer: Defendants admit that as Co-Director of Guidance, Starkey was responsible for providing academic and post-secondary (college/career) guidance counseling services to high school students, as well as various other duties and services, including but not limited to: praying with and for students, families, and colleagues; planning and celebrating liturgies and prayer services; teaching and celebrating  Catholic traditions and all observances in the Liturgical Year;

modeling the example of Jesus, the Master Teacher, in what He taught, how He lived, and how He treated others; conveying the Church's message and carrying out its mission by modeling a Christ-centered life; and participating in religious instruction and Catholic formation. All other allegations and inferences of paragraph 15 are denied.

16.     Starkey's job duties and responsibilities as a guidance counselor did not include any religious duties or teaching duties.

Answer: Defendants deny the allegation of paragraph 16 of Plaintiff's Complaint.

17.     Starkey has never held a title with the Catholic Church or held herself out as a minister.

Answer: Defendants deny the allegation of paragraph 17 of Plaintiff's Complaint.

18.     Starkey did not perform any important religious functions for the Catholic Church.

Answer: Defendants deny the allegation of paragraph 18 of Plaintiff's Complaint.

19.     Starkey did not receive any specific religious training from Roncalli or the Archdiocese.

Answer: Defendants deny the allegation of paragraph 19 of Plaintiff's Complaint.

20.     Starkey has not been a practicing Catholic for many years. Neither the Archdiocese nor Roncalli required Starkey to be Catholic, to belong to a Catholic parish, to attend weekly Catholic mass, nor to donate financially to the Catholic Church.

Answer: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or inferences that Starkey has not been a practicing Catholic for many years. Defendants admit that Starkey was required to attend school masses and did receive communion at school masses, an indication that she was a practicing Catholic. All other allegations and inferences of paragraph 20 are denied.

21.     Starkey's role as guidance counselor did not include leading prayer or other religious services, nor did it include integrating religious teachings into her interactions with students.

Answer: Defendants deny the allegation of paragraph 21 of Plaintiff's Complaint.

22.     In May 2016, the Archdiocese's Human Resources department confirmed to Roncalli's Principal, Chuck Weisenbach, via email, that the Archdiocese's lawyers have confirmed that "school counselors and social workers do not meet the definition for the ministerial exemption."

Answer: Defendants deny the allegation of paragraph 22 of Plaintiff's Complaint.

23.     Starkey was employed pursuant to a "School Teacher Contract" that was renewed on an annual basis, for 39 years.

Answer:  Defendants admit that for the first 37 years Starkey was employed pursuant to a teacher contract that described her various positions. Defendants admit that during the 2017-2018 school year and the 2018-2019 school year, Starkey was employed pursuant to a "School Guidance Counselor Ministry Contract." All other allegations and inferences of paragraph 23 are denied.

24.     Approximately four years ago, the Archdiocese directed Roncalli and other Archdiocesan schools to implement uniform "morals clause" language in its teacher contracts.

Answer: Defendants admit that approximately four years ago, the Office of Catholic Schools began working with Archdiocesan schools to implement uniform ministerial contracts and ministerial job descriptions for all of its administrators, teachers and guidance counselors.  All other allegations and inferences of paragraph 24 are denied.

25.  Since the 2017-18 school year, Roncalli, at the direction of the Archdiocese, required Starkey to sign a "Ministry" contract, but did not provide her with ministerial or religious training,

in contrast to priests and religion teachers, who did receive religious training.

Answer: Defendants admit that beginning in the 2017-2018 school year, Starkey signed a "School Guidance Counselor Ministry Contract." Defendants deny Starkey was not provided with ministerial or religious training. All other allegations and inferences of paragraph 25 are denied.

26.     Starkey is a homosexual female, and has a female spouse, to whom she has been married since 2015.

Answer:  Defendants admit the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.     Prior to August 2018, Starkey's counterpart as Co-Director of Guidance was Shelly Fitzgerald.

Answer:  Defendants admit the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28.  Fitzgerald is also a homosexual female and married to a female spouse.

Answer:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or inferences that Fitzgerald is a homosexual female or currently in a legal union with a female.

29.  On August 10, 2018, Roncalli President Joseph Hollowell and Roncalli Principal Chuck Weisenbach met with Fitzgerald and informed her that a parishioner at a local church had obtained a copy of Fitzgerald's marriage license, and had given it to a priest, who had shared it with them.

Answer:  Defendants admit the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.     President Hollowell and Principal Weisenbach presented Fitzgerald with the

options of resigning, dissolving her marriage, "keeping quiet" until her contract was up (at which time it would not be renewed), or being fired.

Answer:  Defendants admit Fitzgerald was invited into an accompaniment process to try to achieve reconciliation with Catholic teaching and avoid public conflict with that teaching. All other allegations and inferences of paragraph 30 are denied.

31.     Fitzgerald refused to resign or dissolve her marriage.

Answer:   Defendants admit the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32.     On August 12, 2018, the Archdiocese and Roncalli placed Fitzgerald on paid administrative leave and barred her from the school campus.

Answer:  Defendants admit that on August 12, 2018, Roncalli placed Fitzgerald on paid administrative leave and requested that she not return to the campus without the permission of the school administrators. All other allegations and inferences of paragraph 32 are denied.

33.     Fitzgerald told Starkey and the rest of the Guidance Department about the August 10, 2018, meeting immediately after it happened.

Answer:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or inferences set forth in paragraph 33 and accordingly, denies the same.

34.     Principal Weisenbach, as well as other Roncalli administrators, were aware of Starkey's sexual orientation (and female partner) well before August 10, 2018.

Answer: Defendants deny the allegation of paragraph 34 of Plaintiff's Complaint.

35.     Upon learning of President Hollowell and Principal Weisenbach's meeting with Fitzgerald, Starkey reasonably became concerned about her own employment status.

Answer:  Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations or inferences set forth in paragraph 35 and accordingly, denies the same.

36.    On August 13, 2018, Starkey attended a meeting with Archbishop Charles Thompson, Superintendent of Archdiocesan Schools Gina Fleming, a priest specializing in canon law, President Hollowell, Principal Weisenbach, the Roncalli Administrative Council, and the Roncalli Board of Directors.

Answer:   Defendants admit the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37.    During the August 13, 2018, meeting, the canon law specialist reminded the attendees what constituted a "valid marriage" under Catholic Church teachings, sharing that the purpose of marriage is to procreate.

Answer:  Defendants admit that the canon law specialist described the nature and purposes of Catholic marriage. All other allegations and inferences set forth in paragraph 37 are denied.

38.    During the August 13, 2018, meeting, Starkey asked why gay marriage was such a hot button issue, compared to other "sins."

Answer:   Defendants admit the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.    On August 14, 2018, Starkey wrote out prepared remarks, and shared them with Principal Weisenbach. Starkey asked Principal Weisenbach whether the remarks would be useful for her to read at the upcoming Administrative Council meeting, so they could understand what it was like to work at Roncalli as a gay person. Principal Weisenbach asked Starkey whether she had a civil union. Starkey asked him whether he really wanted to ask her that question. Principal Weisenbach said "yes." Starkey answered, "yes."

Answer: Defendants admit that Plaintiff and Principal Weisenbach had a conversation on

10

that date. Defendants deny Plaintiff's characterization of that conversation. All other allegations and inferences set forth in paragraph 39 of Plaintiff's Complaint are denied.

40.     On August 21, 2018, the Archbishop published a letter condemning Fitzgerald's marriage, sparking protests at Roncalli from students, teachers, and parents.

Answer:   Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.     Following the placement of Fitzgerald on administrative leave, Starkey was required to assume many of Fitzgerald's work responsibilities, in addition to her own, substantially adding to her workload in the Fall 2018 semester.

Answer:  Defendants admit that following the placement of Fitzgerald on administrative leave the entire guidance department, including Ms. Starkey, were required to assume many of Fitzgerald's work responsibilities, and the guidance staff was paid additionally for their service and added responsibilities. All other allegations and inferences of paragraph 41 are denied.

42.     The Archdiocese and Roncalli's mistreatment of Fitzgerald signaled that she and other gay employees were not welcome to work at the Archdiocese and Roncalli. Starkey feared that she would be targeted next.

Answer:   Defendants deny that the Archdiocese or Roncalli mistreated Fitzgerald or signaled that she and other gay employees were not welcome to work at the Archdiocese and Roncalli.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or inferences as to whether Starkey feared targeting. All other allegations and inferences of paragraph 42 are denied.

43.     On November 16, 2018, Starkey filed Charges of Discrimination with the EEOC against the Archdiocese and Roncalli.

Answer:   Defendants admit the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44.    On March 6, 2019, Starkey informally learned that her annual contract with Roncalli would not be renewed for the 2019-2020 academic year.

Answer:   Defendants are without knowledge or information sufficient to admit the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45.    On May 1, 2019, Starkey received a letter from Principal Weisenbach officially notifying her that she would not be offered a contract for the 2019-2020 school year. The letter stated that Starkey's "civil union is a violation [her] contract and contrary to the teaching of the Catholic Church." Starkey's current contract expires on August 31, 2019.

Answer:   Defendants admit the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46.    Upon information and belief, other than Fitzgerald and Starkey, neither the Archdiocese nor Roncalli has terminated or non-renewed any teacher or employee for being legally married to an opposite sex spouse, even when opposite sex marriages violate Church teachings.

Answer:   Defendants deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47.    Starkey has lost sleep, gained weight, and suffers from anxiety from Defendants' actions. Starkey took FMLA leave from December 4, 2018, to January 6, 2019, and again from April 24, 2019, to May 30, 2019, in order to receive medical and mental health treatment for the emotional distress that she has suffered.

Answer:  Defendants admit that Starkey took FMLA leave from December 4, 2018 to January 6, 2019 and again from April 24, 2019 to May 30, 2019. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations or inferences set forth in paragraph 47 and accordingly, denies the same.

## III. LEGAL ALLEGATIONS

### Count I: Violation of Title VII – Discrimination on the Basis of Sexual Orientation

48.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

49.     Starkey is a member of a protected class due to her sexual orientation.

Answer:  Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50.     Defendants knew about Starkey's sexual orientation for years.

Answer:  Defendants deny the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51.     Starkey is in a legally valid same sex marriage.

Answer:  Paragraph 51 of Plaintiff's Complaint contains a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or inferences set forth in paragraph 51 and accordingly, denies the same.

52.     Roncalli and the Archdiocese employ heterosexual teachers who are in legally valid, opposite sex marriages that violate Church teachings.

Answer:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or inferences set forth in paragraph 52 and accordingly, denies the same.

53.     Starkey met or exceeded Defendants' legitimate performance expectations at all

times during her employment.

Answer:  Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54.     Starkey suffered one or more adverse employment actions, impacting the terms and conditions of her employment, including but not limited to a hostile work environment and the non-renewal of her employment contract, or Defendants' refusal to offer her a new employment contract, on May 1, 2019.

Answer:  Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55.  Defendants treated Starkey differently, and to her detriment, as compared to similarly situated heterosexual employees.

Answer:  Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56.     There is a causal connection between Starkey's sexual orientation and marital status and Defendants' adverse employment actions towards her.

Answer:  Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57.  Starkey has suffered damages as a result of Defendants' discriminatory actions, including but not limited to lost back pay, lost front pay, loss of future earning capacity, lost

employer provided benefits, and emotional distress damages.

Answer: Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they engaged in discriminatory actions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations or inferences set forth in paragraph 57 and accordingly, deny the same.

## Count II: Violation of Title VII – Retaliation

58.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

59.     Starkey engaged in a protected activity by filing Charges of Discrimination with the EEOC against the Archdiocese and Roncalli on November 16, 2018, March 25, 2019, and May 9, 2019.

Answer:  Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60.     Starkey engaged in protective activity by opposing Defendants' unlawful employment practices, including but not limited to her opposition to Defendants' actions towards Fitzgerald due to Fitzgerald's sexual orientation.

Answer:  Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61.     Starkey suffered one or more adverse employment actions, impacting the terms and conditions of her employment, including but not limited to a hostile work environment and the

non-renewal of her employment contract, or Defendants' refusal to offer her a new employment contract, on May 1, 2019.

Answer: Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62. But for Starkey's protected activities, Defendants would not have taken adverse employment actions towards her.

Answer: Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 62 of Plaintiff's Complaint.

63. Defendants retaliated against Starkey for causing a "scandal" through the filing of her EEOC Charges and publicity associated with those filings.

Answer: Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64. Starkey has suffered damages as a result of Defendants' retaliatory actions, including but not limited to lost back pay, lost front pay, loss of future earning capacity, lost employer provided benefits, and emotional distress damages.

Answer: Paragraph 64 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they engaged in retaliatory actions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations or inferences set forth in paragraph 64 and accordingly, denies the same.

## Count III: Violation of Title VII – Hostile Work Environment

65.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

66.     Starkey is a member of a protected class due to her sexual orientation.

Answer:  Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67.     From August 2018 through her last day of employment, Starkey was subject to a hostile work environment based on her sexual orientation.

Answer:  Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 67 of Plaintiff's Complaint.

68.     The work environment at Roncalli was objectively and subjectively hostile towards homosexual students, faculty, and staff, and sufficiently severe or pervasive to alter the terms of conditions of employment.

Answer:  Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69.     Defendants knew or should have known about the hostile work environment experienced by Starkey and failed to take any reasonable steps to take corrective action or prevent the hostile work environment from recurring.

Answer:  Paragraph 69 states a legal conclusion to which no response is required. To the

extent a response is required, Defendants deny the allegations set forth in paragraph 69 of Plaintiff's Complaint.

70.   Starkey has suffered damages as a result of Defendants' discriminatory actions, including but not limited to emotional distress damages, mental anguish, and pain and suffering.

Answer:  Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they engaged in discriminatory actions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations or inferences set forth in paragraph 70 and accordingly, denies the same.

### Count IV:      Violation of Title IX - Retaliation

71.   Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth here.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

72.   At all relevant times, Defendants received federal financial assistance, including but not limited to under the National School Lunch Program, special needs program, school voucher program and/or other Federal education programs.

Answer:  To the extent that Paragraph 72 is using "federal financial assistance" as a legal term of art, it is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the Defendants receive federal funding. All other allegations and inferences of paragraph 72 are denied.

73.   Starkey engaged in protected activity under Title IX by opposing Defendants' unlawful sex, marital status and/or sexual orientation discrimination against herself and/or Fitzgerald.

Answer:  Paragraph 73 states a legal conclusion to which no response is required. To the

extent a response is required, Defendants deny the allegations set forth in paragraph 73 of Plaintiff's Complaint.

74.     Starkey suffered one or more adverse employment actions, impacting the terms and conditions of her employment, including but not limited to a hostile work environment and the non-renewal of her employment contract, or Defendants' refusal to offer her a new employment contract, on May 1, 2019.

Answer:  Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75.     But for Starkey's protected activities, Defendants would not have taken adverse employment actions towards her.

Answer:  Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76.     Defendants retaliated against Starkey for causing a "scandal" through her complaints of sex, sexual orientation, and/or marital status discrimination and publicity associated with those complaints.

Answer:  Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77.     Starkey has suffered damages as a result of Defendants' retaliatory actions, including but not limited to lost back pay, lost front pay, loss of future earning capacity, lost employer provided benefits, and emotional distress damages.

Answer:  Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they engaged in retaliatory actions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations or inferences set forth in paragraph 77 and accordingly, denies the same.

## Count V:   Intentional Interference with Contractual Relationship

## (against the Archdiocese only)

78.   Starkey incorporates all other paragraphs in this Complaint as if fully set forth herein.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

79.   Starkey and Roncalli had a valid and existing contract for Starkey's employment as a guidance counselor and Co-Director of Guidance at Roncalli.

Answer:  Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the existence of a contract for Starkey's employment as a guidance counselor and Co-Director of Guidance at Roncalli. All other allegations and inferences of paragraph 79, including any allegations or inferences regarding the impact of Starkey's breach of contract, are denied.

80.   Based on her 39 years of successful employment, positive performance evaluations, and excellent professional reputation, Starkey had every reason to expect to continue to work at Roncalli for the foreseeable future.

Answer:   Defendants deny the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81.   The Archdiocese knew about Starkey and Roncalli's contract.

Answer:   Defendants admit the allegations set forth in paragraph 81 of Plaintiff's

Complaint.

82.     The Archdiocese intentionally interfered with Starkey's contract with Roncalli by forcing Roncalli to not renew Starkey's contract for the 2019-20 school year.

Answer:  Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 82 of Plaintiff's Complaint.

83.     The Archdiocese intentionally interfered with Starkey's contract with Roncalli by directing Roncalli to implement a "morals clause" in Starkey's contract.

Answer:  Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 83 of Plaintiff's Complaint.

84.     The Archdiocese's interference with Starkey's contract with Roncalli was not justified.

Answer:  Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 84 of Plaintiff's Complaint.

85.     As a result of the Archdiocese's intentional interference with the contractual relationship between Starkey and Roncalli, Starkey has suffered injuries and damages, including, but not limited to, lost compensation and wages, lost employer provided benefits, out of pocket expenses, emotional distress, attorney's fees and costs, and damage to her reputation.

Answer:  Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the Archdiocese engaged in intentional interference with the contractual relationship between Starkey and Roncalli. Defendants deny the

remaining allegations set forth in paragraph 85 of Plaintiff's Complaint.

<u>**Count VI: Intentional Interference with Employment Relationship**</u>

<u>**(against the Archdiocese only)**</u>

86.     Starkey incorporates all other paragraphs in this Complaint as if fully set forth herein.

Answer:  Defendants incorporate by reference all other answers as if fully set forth here.

87.     Starkey and Roncalli had a valid and existing employment relationship.

Answer:  Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the existence of an employment relationship between Starkey and Roncalli. All other allegations and inferences of paragraph 87 are denied.

88.     The Archdiocese knew about Starkey's employment relationship with Roncalli.

Answer:   Defendants admit the allegations set forth in paragraph 88 of Plaintiff's Complaint.

89.     The Archdiocese intentionally interfered with Starkey's employment relationship with Roncalli by forcing Roncalli to not renew Starkey's contract for the 2019-20 school year.

Answer:  Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 89 of Plaintiff's Complaint.

90.     The Archdiocese intentionally interfered with Starkey's employment with Roncalli by directing Roncalli to implement a "morals clause" in Starkey's contract.

Answer:  Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 90 of Plaintiff's Complaint.

91.     The Archdiocese's interference with Starkey's employment with Roncalli was not justified.

Answer:  Paragraph 91 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 91 of Plaintiff's Complaint.

92.     As a result of the Archdiocese's intentional interference with the employment relationship between Starkey and Roncalli, Starkey has suffered injuries and damages, including, but not limited to, lost compensation and wages, lost employer provided benefits, out of pocket expenses, emotional distress, attorney's fees and costs, and damage to her reputation.

Answer:  Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations set forth in paragraph 85 of Plaintiff's Complaint.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, the defendants, Roman Catholic Archdiocese of Indianapolis, Inc. and Roncalli High School, Inc. pray that the Plaintiff takes nothing by way of her Complaint, for costs in this action, and for any and all other just and proper relief in the premises.

Respectfully submitted.

MERCER BELANGER

By: /s/ John S. (Jay) Mercer
JOHN S. (JAY) MERCER, #11260-49
MERCER BELANGER
One Indiana Square, Suite 1500
Indianapolis, IN 46204
(317) 636-3551
(317) 636-6680 fax

### FIRST AFFIRMATIVE DEFENSES

Come now the Defendants, defendants, Roman Catholic Archdiocese of Indianapolis, Inc. and Roncalli High School, Inc. and for their Affirmative Defenses to Plaintiff's Complaint, allege and say as follows:

1.      As to any rhetorical paragraph of Plaintiff's Complaint not herein above specifically admitted, denied or controverted, same is hereby denied.

2.      Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., ("Title VII"), do not relate to any protected class.

3.      Plaintiff's claims under Title VII are barred pursuant to the religious employer exception(s) provided in 42 U.S.C. § 2000e-1(a) and/or 42 U.S.C. § 2000e-2(e).

4.      Plaintiff's claims under Title VII are barred pursuant to the bona fide occupational qualification exception provided in 42 U.S.C. § 2000e-2(e).

5.      Plaintiff's claims under Title IX are barred pursuant to the religious educational institution exception provided in 20 U.S.C. § 1681(a)(3).

6.      Plaintiff's claims are barred, including with relation to subject-matter jurisdiction, by the church autonomy doctrine, which forbids "state interference" in "matters of church government as well as of those of faith and doctrine." *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 116 (1952).

7.      Plaintiff's claims are barred by the First Amendment prohibition on government entanglement in religion or religious questions. *Lemon v. Kurtzman*, 403 U.S. 602 (1971); *Presbyterian Church v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 441, 452 (1969).

8.      Plaintiff's claims are barred by the ministerial exception, which bars "claims

concerning the employment relationship between a religious institution and its ministers," in light of religious organizations' interest "in choosing who will preach their beliefs, teach their faith, and carry out their mission." *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 188, 196 (2012).

9.      Plaintiff's claims are barred by the First Amendment's protection of freedom of association, which forbids the government from taking actions that would "significantly affect [an organization's] ability to advocate public or private viewpoints." *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 641 (2000).

10.     Plaintiff's claims are barred by the doctrine of constitutional avoidance, which requires courts to avoid applying a statute in a way that raises serious constitutional questions unless there is a clear expression of an affirmative intention by Congress to do so. *NLRB v. Catholic Bishop of Chi.*, 440 U.S. 490 (1979).

11. Plaintiff's claims are barred by the Assembly Clause of the First Amendment to the United States Constitution, which protects Defendants' right to engage in otherwise lawful worship and speech activities with persons of their choosing.

12.     Plaintiff's federal claims are barred by the federal Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1.

13.     Plaintiff's state law claims are barred by the Indiana Religious Freedom Restoration Act. Ind. Code. §§ 34-13-9-8, 34-13-9-9; *see* Ind. Code. § 34-13-9-7.5 (exception for sexual orientation claims does not apply to churches and affiliated schools).

14.     Plaintiff's breach of contract with Roncalli was a legitimate, nondiscriminatory reason for non-renewal of contract.

15.     Plaintiff's violation of Catholic teaching was a legitimate, nondiscriminatory

reason for Defendants' actions.

16.     The acts alleged by Plaintiff do not amount to an adverse employment action.

17.     Defendants' actions with respect to Plaintiff were taken in good faith and/or in a justified and consistent manner.

18.     Defendants' actions were not motivated by sex, sexual orientation, or protected activities.

19.     Starkey's Complaint and each of its causes of action and requests for relief are barred by the Doctrine of Unclean Hands.

20.     Starkey unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendants or to otherwise avoid harm.

21.     Plaintiff has otherwise failed to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6), including by failing to plead sufficient facts for all elements of her claims.

22.     Plaintiff's allegations of physical or emotional injury or distress are governed exclusively by the Indiana Worker's Compensation Act and are therefore barred.

23.     Plaintiff's claims for certain damages, including punitive damages, are barred or limited by the United States and Indiana Constitutions, Title VII, and other federal and state laws.

24.     Plaintiff's claims for certain damages, including punitive damages, are barred by Defendant's good faith efforts to comply with the law.

25.     Plaintiff's claims for damages are barred by failure to mitigate or by successful mitigation.

WHEREFORE, the defendants, Roman Catholic Archdiocese of Indianapolis, Inc. and Roncalli High School, Inc. pray that the Plaintiff takes nothing by way of her Complaint, for

costs in this action, and for any and all other just and proper relief in the premises.

<div style="margin-left:40%">

Respectfully submitted.

MERCER BELANGER


By: /s/ John S. (Jay) Mercer
JOHN S. (JAY) MERCER, #11260-49
MERCER BELANGER
One Indiana Square, Suite 1500
Indianapolis, IN 46204
(317) 636-3551
(317) 636-6680 fax

</div>

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served upon the following on September 27, 2019 by this Court's electronic filing system: Kathleen A. DeLaney and Chris Stake, DeLaney & DeLaney LLC, 3646 N. Washington Boulevard, Indianapolis, IN 46205.

<div style="margin-left:40%">

By: /s/ John S. (Jay) Mercer
JOHN S. (JAY) MERCER
MERCER BELANGER
One Indiana Square, Suite 1500
Indianapolis, IN 46204
(317) 636-3551
(317) 636-6680 fax

</div>