## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LYNN STARKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-03153-RLY-TAB |
| | ) | |
| ROMAN CATHOLIC ARCHDIOCESE | ) | |
| OF INDIANAPOLIS, INC. and | ) | |
| RONCALLI HIGH SCHOOL, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE INITIAL SUMMARY JUDGMENT MOTION BASED ON THE MINISTERIAL EXCEPTION DEFENSE

Defendants the Roman Catholic Archdiocese of Indianapolis and Roncalli High School, Inc. (collectively, "the Archdiocese"), by counsel, respectfully seek leave to file an initial motion for summary judgment based only on their ministerial-exception defense, while preserving their ability to file, if necessary, a second summary-judgment motion at a later date. Permitting an initial summary-judgment motion will conserve judicial resources and expedite this litigation by allowing the Court to consider all of the Archdiocese's threshold constitutional defenses together.

In support of this Motion, the Archdiocese states:

1. Pursuant to the Case Management Order at IV.A, Dkt. 33, the Archdiocese on March 24, 2020, filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), asserting threshold statutory and constitutional defenses under Title VII, Title IX, and the First Amendment—including the doctrine of religious autonomy, the limit on government entanglement in religious questions, and the defense of freedom of association. Dkt. 58; *see* Dkt. 59 (brief). Granting leave for the Archdiocese to file an initial summary-judgment motion based on its ministerial-exception defense will

1

enable the Court to consider all of the Archdiocese's threshold constitutional defenses together. Considering all of these threshold defenses together—particularly where the legal doctrines are overlapping and mutually reinforcing, and where overlapping legal authorities would be invoked—serves a central purpose of the Court's ordinary preference to have only one summary-judgment motion filed per case: namely, "streamlin[ing] dispositive motions practice" and therefore "serv[ing] the interests of efficiency and justice." *Shanehsaz v. Johnson*, No. 1:16-CV-00952-MJD-LJM, 2017 WL 2901213, at *1 (S.D. Ind. Feb. 16, 2017).* Such "initial motion[s] for summary judgment" are commonly permitted in this district where an issue can and should be answered "sooner, rather than later," but "simply needs to be answered in the summary judgment context, rather than by a motion to dismiss." *Kersey v. Anthem Ins. Companies, Inc.*, No. 1:16-CV-3335-WTL-DML, 2017 WL 5517387, at *3 (S.D. Ind. Nov. 17, 2017); *see also Hubble v. Rice*, No. 1:04-CV-967-SEB-JPG, 2006 WL 2540310, at *3 (S.D. Ind. Aug. 29, 2006) (addressing second motion for summary judgment following "initial motion for summary judgment" on "two theories of defense" that were susceptible to earlier adjudication), *aff'd in part sub nom. Hubble v. Voorhees*, 311 F. App'x 920 (7th Cir. 2009); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) (district courts have "discretion" to allow "successive summary judgment motions," "particularly if good reasons exist") (citation omitted).

2. The Archdiocese has already disclosed in discovery to Plaintiff Lynn Starkey the documentary materials related to the ministerial-exception defense, including evidence of Plaintiff's "important religious functions," as well as materials relevant to the other "considerations" the Seventh Circuit recognizes as sometimes "useful" to a

---

* The approved Case Management Order in this case does not have any provision analogous to the one in *Shanehsaz* requiring that a party obtain "leave of court, and for good cause shown" to file more than one motion for summary judgment. *Cf.* 2017 WL 2901213, at *1. Defendants understand, however, that the Court generally enforces a leave requirement, consistent with the model case management order, and so they seek leave through this motion.

ministerial exception analysis. *Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655, 658-59 (7th Cir. 2018) (citation omitted). As noted in the motion to bifurcate discovery, *see* Dkt. 27 (supporting memorandum), this includes evidence documenting Plaintiff's contractual duty to communicate the Catholic faith to students; foster the integration of faith, culture and life; and promote the teachings of the Catholic Church through the Guidance Department. Dkt. 27-1 at ¶ III.A (job description incorporated in contract). It also includes evidence of substantial religious training received by Plaintiff, her leadership role in implementing the school's Catholic mission, and contemporaneous expressions of her commitment to her role in evangelizing students. Dkt. 27 at 3-4 (previewing same). When viewed "in the light most favorable to" Plaintiff, that documentary evidence suffices to establish the applicability of the ministerial-exception defense, and neither party will benefit from delay. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

3. As numerous courts have recognized, by resolving the ministerial-exception defense "early in litigation, the courts avoid excessive entanglement in church matters." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 n.1 (10th Cir. 2002); *see Sterlinski v. Catholic Bishop of Chi.*, 934 F.3d 568, 570 (7th Cir. 2019) (explaining that the Supreme Court recognized the ministerial exception to avoid "subjecting religious doctrine to discovery and, if necessary, jury trial"). Although the Court denied the Archdiocese's motion to bifurcate discovery, Dkt. 40, it also granted a stay of discovery on all issues not relevant to the ministerial exception pending the disposition of the Archdiocese's appeal to the District Judge, Dkt. 52. That appeal is fully briefed, Dkt. 53, and remains pending. Disposition of a summary-judgment motion now would conserve judicial resources by mooting that issue, as well as any subsequent appellate proceedings arising from the possible denial of the Archdiocese's motion to bifurcate (whether by certification or by interlocutory appeal under the collateral-order doctrine).

3

4. Counsel for the Archdiocese conferred with Counsel for Plaintiff, who indicated that Plaintiff objects to this motion.

5. Plaintiff will incur no prejudice from this Court's consideration of closely related, threshold constitutional defenses together, and considering those defenses together will conserve judicial resources and expedite this litigation.

WHEREFORE, Defendants respectfully request leave to file an initial motion for summary judgment on their ministerial-exception defense.

Respectfully submitted,

By: /s/ Luke W. Goodrich
Luke W. Goodrich (DC # 977736)
Daniel H. Blomberg (DC # 1032624)
Christopher C. Pagliarella (DC # 273493)
The Becket Fund for Religious Liberty
1200 New Hampshire Ave NW
Suite 700
Washington, DC 20036
(202) 955-0095
(202) 955-0090 fax

John S. (Jay) Mercer, #11260-49
Paul J. Carroll, #26296-49
MERCER BELANGER
One Indiana Square, Suite 1500
Indianapolis, IN 46204
(317) 636-3551
(317) 636-6680 fax

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon the following on March 26, 2020 by this Court's electronic filing system:

Kathleen A. DeLaney
Christopher S. Stake
DeLaney & DeLaney LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205
KDelaney@delaneylaw.net
CStake@delaneylaw.net

By: /s/ Luke W. Goodrich
Luke W. Goodrich (DC # 977736)
The Becket Fund for Religious Liberty
1200 New Hampshire Ave NW
Suite 700
Washington, DC 20036
(202) 955-0095
(202) 955-0090 fax