UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO.: 1:19-cv-03153-RLY-TAB |
| ROMAN CATHOLIC ARCHDIOCESE | ) |
| OF INDIANAPOLIS, INC. AND | ) |
| RONCALLI HIGH SCHOOL, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF LYNN STARKEY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE INITIAL SUMMARY JUDGMENT MOTION BASED ON THE MINISTERIAL EXCEPTION DEFENSE**

Plaintiff Lynn Starkey ("Starkey"), by counsel, respectfully files her Response in Opposition to Defendants Roman Catholic Archdiocese of Indianapolis, Inc. ("Archdiocese") and Roncalli High School, Inc.'s ("Roncalli") Motion for Leave to File Initial Summary Judgment Motion based on the Ministerial Exception Defense.

1. Starkey is a former guidance counselor who worked at Roncalli for 39 years. In May of 2019, Defendants informed Starkey that her contract was not being renewed due to her same-sex civil union, which she entered into in 2015. Starkey filed a Complaint against the Archdiocese and Roncalli on July 29, 2019, alleging violations of Title VII, Title IX, and state law business torts. Dkt. 1. Defendants filed their Answer on September 27, 2019. Dkt. 20.

2. Defendants plead the ministerial exception as an affirmative defense to Starkey's claims. Dkt. 20 at 24-25. The ministerial exception arises out of *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, where the U.S. Supreme Court held that the ministerial exception bars "an employment discrimination suit brought on behalf of a minister, challenging

the church's decision to fire her." 565 U.S. 171, 196 (2012). The ministerial exception "operates as an affirmative defense…not a jurisdictional bar." *Hosanna-Tabor*, 565 U.S. at 195 n.4. It requires a "fact-intensive analysis, considering (1) 'the formal title' given by the Church, (2) 'the substance reflected in that title,' (3) the teacher's 'own use of that title,' and (4) 'the important religious functions' she performed for the Church." *Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655, 658 (7th Cir. 2018).

3. On November 7, 2019, Defendants filed a Motion to Bifurcate Discovery, seeking to limit initial discovery to the applicability of the ministerial exception, and to prevent further discovery until after a Court ruling on the ministerial exception. Dkt. 25. Starkey opposed the motion, and argued that the parties should proceed with unlimited discovery. Dkt. 34. The Court denied Defendants' Motion to Bifurcate on December 20, 2019. Dkt. 40. The Court said, "To permit bifurcation in such a scenario would result in unnecessary delay and multiple dispositive motions, which this Court disfavors." Dkt. 40 at 7 (citing Uniform Case Management Plan for Civil Cases (revised 9/7/18), p. 6-7, available at https://www.insd.uscourts.gov/sites/insd/files/Uniform%20CMP%20-%20Final%209-7-18.pdf).[1]

4. The deadline for the parties to complete discovery relating to liability issues is currently June 30, 2020, and dispositive motions must be filed no later than July 24, 2020. Dkt. 64. Starkey intends to depose at least three witnesses (Archbishop Charles Thompson, Roncalli Principal Chuck Weisenbach, and Roncalli President Joseph Hollowell) before the close of liability

---

[1] Defendants appealed the Order denying their Motion to Bifurcate to the District Court Judge, pursuant to Rule 72(a). Dkt. 42. Defendants also filed a Motion to Stay the Court's Order pending their appeal. Dkt. 43. The Court granted the Motion to Stay. Dkt. 52. The Defendants' appeal of the Order denying the Motion to Bifurcate remains pending.

discovery. Dkt. 62.[2] The scope of these depositions has yet to be determined, but, at a minimum, will include examination and testimony related to the ministerial exception defense.

5.  Defendants may file a summary judgment motion before any depositions are taken, or before the close of discovery, if they wish. *See* Fed. R. Civ. Pro. 56(b). However, doing so would likely waive any ability to file a second summary judgment motion at a later time, since this Court disfavors such an approach. Dkt. 40 at 7. Furthermore, if Defendants file an early, limited summary judgment motion, Plaintiff intends to seek relief under Rule 56(d) to take and complete deposition discovery before filing a substantive response to the motion. Fed. R. Civ. Pro. 56(d). Thus, the filing of an early, initial summary judgment motion would not expedite consideration of the motion, because Plaintiff will need to complete discovery anyway before responding to the motion.

6.  Defendants seek to "preserv[e] their ability to file, if necessary, a second summary judgment motion at a later date." Dkt. 60 at 1. The Court should reject this request. As this Court has already stated, multiple dispositive motions are disfavored. Dkt. 40 at 7. Defendants have not shown good cause for deviating from the normal practice to raise all issues on summary judgment in a single motion. *See Shanehsaz v. Johnson*, No. 1:16-cv-000952-MJD-LJM, 2017 U.S. Dist. LEXIS 166479, *2 (S.D. Ind. Feb. 16, 2017) ("the purpose of the good cause requirement is to streamline dispositive motions practice and to encourage litigants to scrutinize their cases in determining which issues to raise in dispositive motions.").[3]

7.  Defendants argue that their recent Rule 12(c) Motion (filed on March 24, 2020), supports their motion because it will "enable the Court to consider all of the Archdiocese's

---

[2] The parties scheduled these depositions by agreement for dates in May, but those depositions are now being rescheduled due to the COVID-19 pandemic.
[3] In *Shanehsaz*, the Court granted the motion for leave to file a second summary judgment motion, but appeared to do so only because the motion was unopposed. *Id*. at *2.

3

threshold constitutional defenses together." Dkt. 60 at 1-2. But the Court has different briefing schedules for Rule 12(c) Motions and Rule 56 Motions. *Compare* S.D. Ind. L.R. 7-1(c) (setting response and reply deadlines for most motions) *with* S.D. L.R. 56-1 (setting response and reply deadlines for summary judgment motions).[4] Also, resolution of any summary judgment motion will likely be delayed until Plaintiff is able to complete the discovery she needs to respond to the motion. Fed. R. Civ. Pro. 56(d). Thus, there is no guarantee that these motions, and Plaintiff's responses, would be considered together, would result in conservation of resources, or expedite this litigation. On the contrary, Defendants' approach has already created a need for Court rulings on multiple dispositive motions – Motion for Judgment on the Pleadings and at least one Motion for Summary Judgment.

8. As this Court has noted, the applicability of the ministerial exception to Starkey is "hotly contested." Dkt. 40 at 7. Starkey strenuously disputes that she was a "minister." Dkt. 1 at 3-4; Dkt. 34 at 4-5; Dkt. 46 at 7-10. Given the "fact-intensive" inquiry required for this affirmative defense, Starkey needs a full opportunity to conduct discovery before responding to and opposing a summary judgment motion. *Grussgott*, 882 F.3d at 658. Defendants assert that they have already produced documents related to the ministerial exception defense, but make no mention of deposition discovery. The deposition testimony of Archbishop Thompson, Principal Weisenbach, and President Hollowell will be relevant to the issue of the ministerial exception's applicability.

9. Defendants' final argument is that "[d]isposition of a summary judgment motion now would conserve judicial resources by mooting th[e] issue" of Defendants' request to bifurcate

---

[4] The parties have agreed to short extensions of time on the briefing schedule for Defendants' Rule 12(c) Motion, so that the response and reply deadlines are the same as they would be for a Motion for Summary Judgment. Dkt. 61, 63. This does not fully alleviate the discrepancy, because Defendants have not filed their Motion for Summary Judgment yet. In addition, Plaintiff would likely need more time to file her response brief than the normal time limit, so that she has sufficient time after taking depositions to obtain transcripts and to prepare and file her response.

4

discovery. This is not good cause to grant Defendants' request, but a candid admission that this motion is nothing more than an end-run around their denied Motion to Bifurcate Discovery. Dkt. 40. The Court denied Defendants' Motion to Bifurcate, yet, due to Defendants' pending appeal, and stay of the order, Defendants have effectively stymied Starkey from proceeding with full discovery in this case. If the Court grants Defendants' Motion for Leave, and permits them to file a second summary judgment motion on a later date, that would, in practice, lead to a phased discovery process. It would force Starkey to prioritize discovery on ministerial exception issues in order to respond to the motion for summary judgment. The Court correctly rejected such an approach when it denied the Motion to Bifurcate Discovery. Dkt. 40. Defendants may challenge the Court's ruling through formal channels as permitted by the Federal Rules of Civil Procedure, and they have done so. Dkt. 42. Their current motion seeks essentially the same relief they sought before, but under a different name.

WHEREFORE, Plaintiff Lynn Starkey respectfully requests that the Court deny Defendants' Motion for Leave to File Initial Summary Judgment Motion based on the Ministerial Exception Defense.

>Respectfully submitted,
>
>*/s/ Kathleen A. DeLaney*_____
>Kathleen A. DeLaney (#18604-49)
>Christopher S. Stake (#27356-53)
>DeLaney & DeLaney LLC
>3646 Washington Blvd.
>Indianapolis, IN 46205
>
>*Attorneys for Plaintiff Lynn Starkey*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

> John S. (Jay) Mercer
> jsmercer@fitzwatermercer.com
>
> Paul J. Carroll
> pcarroll@fitzwatermercer.com
>
> Daniel H. Blomberg
> dblomberg@becketlaw.org
>
> Christopher C. Pagliarella
> cpagliarella@becketlaw.org
>
> Luke W. Goodrich
> lgoodrich@becketlaw.org

                                                   */s/ Kathleen A. DeLaney*
                                                   Kathleen A. DeLaney

DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN  46205