UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO.: 1:19-cv-03153-RLY-TAB |
| ROMAN CATHOLIC ARCHDIOCESE | ) |
| OF INDIANAPOLIS, INC. AND | ) |
| RONCALLI HIGH SCHOOL, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF LYNN STARKEY'S SUPPLEMENTAL BRIEF IN
OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Lynn Starkey ("Starkey"), by counsel, and in response to this Court's Order of June 23, 2020 (Dkt. 75), files her Supplemental Brief to address the U.S. Supreme Court's recent decision in *Bostock v. Clayton County*, No. 17-1618, 2020 U.S. LEXIS 3252 (U.S. June 15, 2020).

**I.     *Bostock* Confirms that Title VII Prohibits Sexual Orientation Discrimination.**

Starkey is the former Co-Director of Guidance at Roncalli High School, where she worked for almost 40 years. She has been in a same-sex marriage since 2015. In May 2019, the Archdiocese and Roncalli did not renew her contract for the 2019-2020 school year, effectively terminating her employment. Starkey filed this case alleging, *inter alia*, that she has been discriminated against on the basis of her sexual orientation, in violation of Title VII of the Civil Rights Act. Dkt. 1 at 7-8. Defendants have argued (or intended to argue) that a claim based on sexual orientation is not viable under Title VII, because sexual orientation is not a protected class. *See* Dkt. 59 at 27. *Bostock* confirms that Title VII prohibits discrimination on the basis of sexual orientation. "For an employer to discriminate against employees for being homosexual or

transgender, the employer must intentionally discriminate against individual men and women in part because of sex. That has always been prohibited by Title VII's plain terms[.]" *Bostock*, 2020 U.S. LEXIS 3252 at *25.

The Seventh Circuit Court of Appeals recognized sexual orientation as a protected class under Title VII in *Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339 (7th Cir. 2017). Defendants had hoped that the U.S. Supreme Court would overrule *Hively* and other decisions from federal courts recognizing sexual orientation as a protected class. If the U.S. Supreme Court had decided that sexual orientation was not protected by Title VII, Defendants would have likely argued that all or most of Starkey's claims would have failed as a matter of law. *See* Dkt. 16 at 4-6. That did not happen, and Title VII's prohibition against sexual orientation discrimination is now settled law. Furthermore, because Starkey's sexual orientation discrimination claim remains viable, so too do her claims for retaliation and hostile work environment under Title VII. Dkt. 1 at 8-9.

Starkey has also filed a claim for retaliation under Title IX, which prohibits discrimination and retaliation on the basis of sex. 20 U.S.C. § 1681(a). Although *Bostock* does not directly address Title IX, Defendants have previously pointed out that the federal courts have "looked to Title VII when construing Title IX." *See* Dkt. 16 at 5 (collecting cases, internal citations omitted). Therefore, *Bostock* confirms the viability of Starkey's Title IX claim.

Starkey's remaining claims, for intentional interference with contract and employment relationships, arise under Indiana law. The *Bostock* decision has no bearing on those claims. Dkt. 1 at 11-12.

## II.     *Bostock* Has No Bearing on any First Amendment or Religion Based Defenses.

In dicta, the *Bostock* majority noted that they were "deeply concerned with preserving the promise of the free exercise of religion," but said that "worries about how Title VII may intersect with religious liberties are nothing new[.]" 2020 U.S. LEXIS 3252 at *56. The Court acknowledged that various defenses may be available to religious employers, such as the ministerial exception and Title VII's statutory exemptions. *Id*. at **56-57. The Court did not decide the applicability of these defenses, but merely concluded that they raise "questions for future cases[.]" *Id*. at *57. In Starkey's case, Defendants have asserted, or intend to assert, various religious defenses, including the ministerial exception and Title VII statutory exemptions. Starkey's position remains that these defenses are inapplicable, or otherwise do not bar her claims. *Bostock* acknowledges the existence of these defenses, but neither strengthens nor weakens those defenses in the context applicable here. *Cf. id.* at **121-122 (Alito, J., dissenting) (acknowledging potential limitations of protections under ministerial exception and disputed scope of Title VII statutory exemptions).

## III.    *Bostock* Recognizes and Reaffirms Important Title VII Principles.

In *Bostock*, the Supreme Court briefly considered whether Title VII could be interpreted to only prohibit discrimination in general against certain groups, rather than individuals. *Id*. at **17-18. The Court concluded that the plain language of the statute requires the focus to be on "individuals, not groups." *Id*. at *18. It clarifies that it is no defense to treat an "individual women worse than he would have treated a man, [but] gives preferential treatment to female employees overall," or to "discriminate against both men and women because of sex." *Id*. at **19-20. This precludes any argument that the treatment of heterosexual employees of the same sex as Starkey is a defense to sex discrimination.

3

The Court also clarified that, under either a "but-for" causation standard or "motivating factor" standard, sex need not be the sole cause of the adverse action in order for there to be a viable discrimination claim. It confirmed that "a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision." *Id*. at *15 (emphasis in original). "So long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law." *Id*. Defendants cannot defeat liability by arguing that other factors (such as Starkey's marital status) contributed to the decision to terminate her employment. As *Bostock* holds, "[a]n employer violates Title VII when it intentionally fires an individual employee based in part on sex." *Id*. at *20. "It doesn't matter if other factors besides the plaintiff's sex contributed to the decision." *Id*. "[I]f changing the employee's sex would have yielded a different choice by the employer…a statutory violation has occurred." *Id*. That is true in Starkey's case. If she had been a man married to a woman instead of a woman married to a woman, she would not have been terminated (or not renewed).

## CONCLUSION

*Bostock* confirms that sexual orientation is a protected class under Title VII of the Civil Rights Act. Defendants' Motion for Judgment on the Pleadings should be denied for the reasons set forth in Starkey's prior Response in Opposition thereto, and in this Supplemental Brief.

    Respectfully submitted,

    */s/ Kathleen A. DeLaney*
    Kathleen A. DeLaney (#18604-49)
    Christopher S. Stake (#27356-53)
    DeLaney & DeLaney LLC
    3646 Washington Blvd.
    Indianapolis, IN 46205

    *Attorneys for Plaintiff Lynn Starkey*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of July, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                John S. (Jay) Mercer
                jsmercer@fitzwatermercer.com

                Paul J. Carroll
                pcarroll@fitzwatermercer.com

                Daniel H. Blomberg
                dblomberg@becketlaw.org

                Christopher C. Pagliarella
                cpagliarella@becketlaw.org

                Luke W. Goodrich
                lgoodrich@becketlaw.org

                                            _/s/ Kathleen A. DeLaney_
                                            Kathleen A. DeLaney

DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205