UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO.: 1:19-cv-03153-RLY-TAB |
| ROMAN CATHOLIC ARCHDIOCESE | ) |
| OF INDIANAPOLIS, INC. AND | ) |
| RONCALLI HIGH SCHOOL, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO LIFT COURT'S ORDER GRANTING STAY**

Plaintiff Lynn Starkey, by her attorneys, hereby submits her Motion to Lift the Court's Order Granting Stay, dated January 16, 2020 (Dkt. 52), and states as follows:

1. Plaintiff, Lynn Starkey, is a former guidance counselor who worked at Roncalli for 39 years. In May of 2019, Defendants informed Starkey that her contract was not being renewed due to her same-sex civil union, which she entered into in 2015. Starkey filed a Complaint against the Archdiocese and Roncalli on July 29, 2019, alleging violations of Title VII, Title IX, and state law business torts. (Dkt. 1).

2. Defendants filed their Answer on September 27, 2019. (Dkt. 20).

3. On November 7, 2019, Defendants filed a Motion to Bifurcate Discovery, seeking to limit initial discovery to the applicability of the ministerial exception, and to prevent further discovery until after a Court ruling on the ministerial exception. (Dkt. 25). Starkey opposed the motion and argued that the parties should proceed with unlimited discovery. (Dkt. 34). The Court denied Defendants' Motion to Bifurcate on December 20, 2019. (Dkt. 40). The Court said, "To permit bifurcation in such a scenario would result in unnecessary delay and multiple dispositive

motions, which this Court disfavors." (Dkt. 40 at 7). The Court further ordered, "Defendants shall respond to Starkey's outstanding discovery requests within 14 days of this order." (Dkt. 40 at 8).

4. On December 23, 2019, pursuant to Rule 72(a), Defendants filed Objections to Magistrate's Order on Motion to Bifurcate Discovery ("Objections"). (Dkt. 42). On the same day, Defendants filed a Motion To Stay Magistrate's Order Pending Review of Objections ("Motion to Stay") (Dkt. 43).

5. The Court subsequently ordered, on January 16, 2020, that the Motion to Stay was Granted. (Dkt. 52). The Defendants' Objections have not been ruled upon.

6. At no time have the Defendants received an Order from this Court (either the Magistrate Judge or the District Court Judge) granting their request to bifurcate discovery. Nevertheless, Defendants have refused to cooperate in discovery with respect to any relevant matters, with the exception of matters relating to the applicability of the ministerial exception. Additionally, no depositions have taken place, because Plaintiff did not want to proceed with depositions of limited scope (which would have likely resulted in multiple depositions of each witness). Plaintiffs intend to depose three of Defendants' witnesses before the close of liability discovery in this case.

7. Defendants filed their Motion for Judgment on the Pleadings (Dkt. 58) on March 24, 2020.

8. Plaintiff filed her Response in Opposition to the Motion for Judgment on the Pleadings (Dkt. 67) on April 21, 2020.

9. The Court, upon request, ordered the parties to file supplemental briefs on Defendat's Motion for Judgment on the Pleadings, (Dkt. 75), based on the recent U.S. Supreme Court ruling in *Bostock v. Clayton County*, 590 U.S. (2020), on June 23, 2020.

10. Following the supplemental briefing, the Court granted in part and denied in part the Motion for Judgment on the Pleadings (Dkt. 93), on October 21, 2020, rejecting all of the Defendant's First Amendment arguments and finding that Plaintiff's Title IX claim is preempted by Title VII.

11. Now that this Court has ruled on Defendant's First Amendment arguments, the stay should be lifted and Defendants should be required to promptly and fully respond to Plaintiff's written discovery requests, which were served on October 16, 2019. Defendants have only partially responded to the requests and have withheld, redacted, or objected to the production of documents or information that relate to matters, that, in their view, are outside the scope of their ministerial exception defense.

12. In the entry on Defendant's Motion for Judgment on the Pleadings, the Court held that Title VII's religious exemption does not bar Starkey's Title VII claims and that Starkey has alleged sufficient facts to support her Title VII claims of sexual orientation discrimination, retaliation, and hostile work environment. (Dkt. 93 at 25). The ministerial exception alone will not determine the outcome of all of Starkey's claims, so the stay should be lifted. *See Demkovich v. St. Andrew the Apostle Par.*, 973 F.3d 718 (7th Cir. 2020) (holding that the ministerial exception does not categorically bar hostile environment claims by ministerial employees).

13. The Court also stated that "To the extent there are entanglement concerns – and there may be – they are more appropriately addressed after discovery . . ." (Dkt. 93 at 20), as such, discovery should proceed according to the Case Management Plan (Dkt. 24) and Starkey

should be allowed to conduct depositions and review documents produced by Defendants on all matters relevant to her claims.

14. Furthermore, whether the "reason for Defendant's decision qualifies as neutral and nondiscriminatory is a matter for summary judgment. Sexual orientation is a protected class, Starkey alleges Defendants terminated Starkey because of her same sex marriage. At this stage, Starkey has carried her burden of pleading facts to support a plausible claim of Title VII violation." (Dkt. 93 at 16). The Court denied the Defendant's First Amendment arguments and as such, the stay should be lifted.

15. Plaintiff's motion to lift the stay should be granted. Although the District Judge has not ruled on the objections to the Magistrate Judge's order denying bifurcation, it would not be efficient or realistic to bifurcate discovery without excessively prolonging the proceedings in this case. Trial is scheduled to begin on February 22, 2021. Although Plaintiff anticipates that discovery can be completed with only modest extensions to the current case management deadlines, bifurcation would likely require much longer extensions and jeopardize the trial date. Moreover, bifurcation has never been granted in this case. The time for procedural maneuvers has passed, and the case should proceed. There is no reason to allow bifurcation or a further stay of proceedings going forward.

WHEREFORE, Plaintiff Lynn Starkey respectfully requests this Honorable Court enter an Order to (1) lift the stay of the Court's January 16, 2020 Order; and (2) order Defendants to respond to Starkey's outstanding discovery requests within 14 days.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DeLaney & DeLaney LLC

                                      3646 Washington Blvd.
                                      Indianapolis, IN 46205

                                      *Attorneys for Plaintiff Lynn Starkey*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of October, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                        John S. (Jay) Mercer
                        jsmercer@fitzwatermercer.com

                        Paul J. Carroll
                        pcarroll@fitzwatermercer.com

                        Daniel H. Blomberg
                        dblomberg@becketlaw.org

                        Christopher C. Pagliarella
                        cpagliarella@becketlaw.org

                        Luke W. Goodrich
                        lgoodrich@becketlaw.org

                        Joseph C. Davis
                        jdavis@becketlaw.org


                                      */s/ Kathleen A. DeLaney*_____
                                      Kathleen A. DeLaney (#18604-49)

DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205