UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03153-RLY-TAB |
| ) | |
| ROMAN CATHOLIC ARCHDIOCESE OF ) | |
| INDIANAPOLIS, INC., and ) | |
| RONCALLI HIGH SCHOOL, INC., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION FOR CERTIFICATION
FOR INTERLOCUTORY APPEAL**

Defendants, the Roman Catholic Archdiocese of Indianapolis and Roncalli High School (collectively, "the Archdiocese"), ask this court to certify the court's order on Defendants' Motion for Judgment on the Pleadings for interlocutory appeal under 28 U.S.C. § 1292(b). For the reasons that follow, that motion is **DENIED**.

**I.     Background**

Lynn Starkey worked at Roncalli for nearly 40 years. (Filing No. 1-1, Complaint ¶ 14). For the 21 years leading up to her termination, she served as a guidance counselor and/or Co-Director of Guidance. (*Id.*). Prior to August 2018, Starkey's fellow co-Director of Guidance was Shelly Fitzgerald. (*Id.* ¶ 27). Fitzgerald is a lesbian and married to a woman. (*Id.* ¶ 28). Starkey is also a lesbian and has been married to a woman since 2015. (*Id.* ¶ 26).

1

On August 10, 2018, Roncalli learned of Fitzgerald's same-sex marriage and placed her on administrative leave two days later. (*Id.* ¶¶ 29, 32). In the aftermath of that decision, Roncalli's principal asked Starkey if she, too, was in a same-sex marriage. (*Id.* ¶ 39). Starkey said yes. (*Id.*). In May 2019, Roncalli declined to renew Starkey's contract for the following year. (*Id.* ¶ 45). The reason given was that Starkey's "civil union is a violation [of her] contract and contrary to the teaching of the Catholic Church." (*Id.*).

On July 29, 2019, Starkey sued the Archdiocese and Roncalli asserting claims of discrimination, retaliation, and hostile work environment under Title VII, retaliation under Title IX, and various state tort violations. (*Id.* at 7-12). The Archdiocese's Answer raised several affirmative defenses, including: (1) Title VII and Title IX's religious exemptions; (2) the First Amendment's religious autonomy doctrine; (3) the freedom of association under the First Amendment; (4) the state and federal Religious Freedom Restoration Act; and (5) the ministerial exception. (Filing No. 20, Answer, at 24-25).

On March 24, 2020, the Archdiocese filed a motion for judgment on the pleadings, arguing all of Starkey's claims are barred by Title VII and Title IX's religious exemptions and the First Amendment. On October 21, 2020, this court granted in part and denied in part the motion for judgment on the pleadings, granting the motion in favor of the Archdiocese on the Title IX claim but allowing the Title VII and state law claims to proceed. The court concluded that Title VII's religious exemption prohibited claims of religious discrimination against religious employers when the employer favored a coreligionist, but it did not allow religious employers to discriminate on the basis of other

protected characteristics, such as sexual orientation. The court also concluded that the freedom of association defense was inapplicable in the employment context. As for religious autonomy, the court found it was premature to determine whether religious autonomy barred Starkey's claims because the scope and nature of Starkey's employment was disputed.

On October 28, 2020, the Archdiocese moved to certify the following questions for interlocutory appeal:

> (1) Whether Title VII's religious exemption bars only claims of religious discrimination, or whether it also bars other claims of discrimination when the employment decision was based on the employee's "religious observance," "practice," or "belief." 42 U.S.C. § 2000e(j).
>
> (2) Whether the church autonomy doctrine bars an employment discrimination suit only when the employee qualifies as a minister, or whether it also bars suits "[w]hen a church makes a personnel decision based on religious doctrine." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 660 (10th Cir. 2002).
>
> (3) Whether the First Amendment right of expressive association extends to the employment context.

## II.   Legal Standard

Section 1292(b) allows for interlocutory appeal of an order if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "immediate appeal from the order may materially advance the ultimate termination of the litigation". 28 U.S.C. § 1292(b). In the Seventh Circuit, five requirements must be satisfied for a district court to certify an interlocutory appeal: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; (4) its resolution will expedite the litigation, and (5) the petition must be filed in the district

court within a reasonable amount of time after entry of the order sought to be appealed. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original).

### III. Discussion

The questions sought to be certified do not satisfy all of the requirements under 28 U.S.C. § 1292(b). Specifically, the court does not find that an immediate appeal would materially advance the ultimate termination of the litigation.

The materially advance requirement turns, in part, on "pragmatic considerations." *Nat. Res. Def. Counsel v. Illinois Power Res., LLC*, No. 1:13-CV-01181-JBM-TSH, 2016 WL 9650981, at *4 (C.D. Ill. Nov. 2, 2016) (quoting *Federal Deposit Ins. Corp. v. First Nat'l Bank*, 604 F. Supp. 616, 620 (E.D. Wis. 1985)). The Archdiocese filed a Motion for Summary Judgment, or in the Alternative, Motion for Judgment on the Pleadings on December 23, 2020. In that motion, the Archdiocese argues that Starkey's claims are barred by the ministerial exception and her federal claims are barred by the Religious Freedom Restoration Act. Alternatively, the Archdiocese reasserts its arguments concerning Title VII and the First Amendment and requests that this court reconsider its prior ruling on the Archdiocese's motion for judgment on the pleadings. Briefing on that motion is scheduled to close on March 12, 2021. At that time, the court will have the opportunity to rule on all of the Archdiocese's arguments—including those sought to be appealed here—and a favorable ruling on that motion will likely end the case. But if that

motion is denied, the Archdiocese may seek interlocutory review and have the Seventh Circuit address each of their defenses. This may avoid the need for the Seventh Circuit to rule on multiple appeals concerning the Archdiocese's defenses. Moreover, this court's entry on the Archdiocese's motion for judgment on the pleadings did not doom it to trial. It simply rejected two of their defenses, while leaving several others available for the Archdiocese to assert later, which it has done.

Because the proposed questions will not materially advance the ultimate termination of the case, certification is inappropriate. Unless *all* of the 1292(b) criteria are satisfied, the district court may not and should not certify its order for interlocutory appeal. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

### IV.     Conclusion

The Archdiocese's Motion for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b) (Filing No. 95) is **DENIED**.

**SO ORDERED** this 26th day of February 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.