# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:19-cv-03153-RLY-TAB |
| ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC. and RONCALLI HIGH SCHOOL, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO CONTINUE TRIAL DATE

Defendants the Roman Catholic Archdiocese of Indianapolis and Roncalli High School, Inc. (collectively, "Archdiocese") respectfully move this Court to vacate and reschedule the August 9 trial and related pretrial deadlines. The Court previously vacated and rescheduled the trial due to the pandemic and a "pending dispositive motion." ECF 128. A similar continuance is appropriate now, given the significant unresolved issues in this case—including the same pending dispositive motion, a pending interlocutory appeal, unresolved First Amendment limits on any potential trial, and unresolved First Amendment limits on any potential merits discovery, which has not yet begun.[1]

## BACKGROUND

Plaintiff Lynn Starkey is a former leader and Co-Director of Guidance at a Catholic school. ECF 114-1 at 4-16. She alleges that the Archdiocese violated Title VII by declining to renew her contract after she informed the school that she had entered a

---

[1] Plaintiff Starkey states that "Plaintiff opposes the request to continue the trial and will file opposition papers within the timeframe allowed by rule."

1

same-sex union in violation of her contract and Church teaching. *Id.* at 16-17. The Archdiocese asserts that this lawsuit is barred by multiple statutory and constitutional protections for religious freedom. ECF 114-1.

To date, the parties have not conducted any merits discovery beyond the Archdiocese's constitutional defense under the ministerial exception. ECF 68 at 2; ECF 70 at 1. The Archdiocese filed a motion for judgment on the pleadings, which was denied. ECF 93. It sought certification of that ruling for interlocutory review, ECF 95, which was also denied. ECF 130. And it has filed an interlocutory appeal of that ruling under the collateral order doctrine, which is now pending at the Seventh Circuit. ECF 108; *see* Order at 1, *Starkey v. Roman Catholic Archdiocese of Indianapolis*, No. 20-3265 (7th Cir. Jan. 13, 2021), ECF No. 16 (hereafter CA7 ECF) (providing that "this appeal shall proceed to briefing" after both sides briefed the threshold jurisdictional issue).

On December 23, 2020, the Archdiocese filed a motion for summary judgment or, in the alternative, judgment on the pleadings, raising several of its constitutional and statutory defenses. ECF 114. The motion is now fully briefed and pending before this Court.

Trial was originally scheduled for February 22, 2021. But the Court vacated the trial date due to its General Order related to the pandemic, and due to the "pending dispositive motion." ECF 128. It then rescheduled the final pretrial conference for July 28, 2021, and a 3-day jury trial for August 9, 2021. *Id.* Many of the parties' pretrial filings are now due July 14, which is 21 days from now. *See* ECF 33 at 9.

The Court has also noted the "difficult questions" under the First Amendment related to any potential trial, ECF 93 at 1, 20 (recognizing, for example, that there "may be" First Amendment "entanglement concerns"), and the possible need for interlocutory review. In its Order of February 26, 2021, denying the Archdiocese's motion for certification, the Court noted that "a favorable ruling on [the Archdiocese's]

2

motion [for summary judgment] will likely end the case. But if that motion is denied, the Archdiocese may seek interlocutory review and have the Seventh Circuit address each of their defenses." ECF 130 at 4-5. The Court also noted that its prior "entry on the Archdiocese's motion for judgment on the pleadings did not doom it to trial. It simply rejected two of their defenses, while leaving several others available for the Archdiocese to assert later, which it has done." *Id*.

Likewise, in its Order of March 30, 2021, which denied as moot the Archdiocese's motion to bifurcate discovery, the Court again noted that "if the court concludes Starkey qualifies as a minister, the case may be over." ECF 133 at 2. Alternatively, "If that ruling leaves any issues remaining, or the court determines the ministerial exception does not apply, the parties are free to address remaining discovery issues at that point." *Id*.

## ARGUMENT

This Court previously vacated and rescheduled the trial due to the pandemic and a "pending dispositive motion." ECF 128. A similar continuance is appropriate now, given the significant unresolved issues in this case.

First, the same "dispositive motion" that justified the previous continuance remains pending today. As this Court has recognized, "a favorable ruling on that motion will likely end the case." ECF 130 at 4-5. At minimum, the Court's ruling on that motion may significantly alter how the parties approach any further proceedings.

Second, as this Court has recognized, "if that motion is denied, the Archdiocese may seek interlocutory review and have the Seventh Circuit address each of their defenses." ECF 130 at 4-5. In fact, an interlocutory appeal is already pending. ECF 108. The Seventh Circuit has simply ordered briefing held in abeyance pending this Court's decision on summary judgment—any appeal of which can then be merged with the existing appeal. CA7 ECF 30, 31. As this Court has observed, this case

presents "difficult questions that may arise when applying civil rights law to religious institutions." ECF 93 at 1. The key questions are purely legal ones under the First Amendment and Title VII. They have significant national importance and have recently been addressed in part by the Supreme Court in *Bostock* and *Our Lady of Guadalupe*. *See* ECF 78 (supplemental brief discussing both cases); ECF 114-1 at 18-29, 31-33 (summary judgment brief applying both cases). Judicial economy is best served by allowing these weighty legal issues to be addressed on appeal before proceeding to what may be an unnecessary trial—particularly when trial itself may violate the First Amendment. *See Sterlinski v. Catholic Bishop of Chi.*, 934 F.3d 568, 570 (7th Cir. 2019) (ministerial exception exists in significant part to avoid "subjecting religious doctrine to discovery and, if necessary, jury trial").

Lastly, aside from discovery on the Archdiocese's ministerial-exception defense, merits discovery has not yet begun. It cannot be completed in the few weeks (or less) before trial. More importantly, the "structural protection afforded religious organizations" under the First Amendment places significant limits on discovery into religious questions or a church's "internal communications." *Whole Woman's Health v. Smith*, 896 F.3d 362, 373 (5th Cir. 2018) (applying First Amendment discovery limits on interlocutory review); *see also Universidad Cent. De Bayamon v. NLRB*, 793 F.2d 383, 401-02 (1st Cir. 1985) (Breyer, J., concurring) (Religion Clauses forbid inquiry into "confidential communications among church officials"). Starkey, however, has indicated that she intends to seek discovery that would transgress these structural limits. *See* ECF 27 at 5. Thus, before discovery is permitted, weighty First Amendment "discovery issues" (ECF 133 at 2) would need to be addressed first—if the case even survives summary judgment or interlocutory review.

## CONCLUSION

The Court should vacate and reschedule the trial and related pretrial deadlines.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Luke W. Goodrich |
| John S. (Jay) Mercer, #11260-49 | Luke W. Goodrich (DC # 977736) |
| Wooton Hoy, LLC | Daniel H. Blomberg (DC # 1032624) |
| 13 North State Street, #2A | Christopher C. Pagliarella (DC # 273493) |
| Greenfield, IN 46140 | The Becket Fund for Religious Liberty |
| (317) 439-0541 | 1919 Pennsylvania Ave NW, Ste. 400 |
|  | Washington, DC 20006 |
|  | (202) 955-0095 |
|  | (202) 955-0090 fax |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following on June 23, 2021, by this Court's electronic filing system:

Kathleen A. DeLaney
Christopher S. Stake
DeLaney & DeLaney LLC
3646 N. Washington Boulevard
Indianapolis, IN 46205

By: /s/ Luke W. Goodrich
Luke W. Goodrich
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave NW
Suite 400
Washington, DC 20006
(202) 955-0095
(202) 955-0090 fax