UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN STARKEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-03153-RLY-TAB ) |
| ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC. and RONCALLI HIGH SCHOOL, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In support of their motion for summary judgment or, in the alternative, motion for judgment on the pleadings (Dkt. 114), Defendants submit as supplemental authority the decision of the Supreme Court of Texas in *In re Diocese of Lubbock*, No. 20-0127, 2021 WL 2386133 (Tex. June 11, 2021).

The plaintiff in *Guerrero* was a Catholic deacon whose name was published on a Catholic diocese's public list of "Names of All Clergy with a Credible Allegation of Sexual Abuse of a Minor." *Id.* at *2. He sued the diocese for defamation and intentional infliction of emotional distress, alleging that there was a "lack of evidence" of misconduct, and that the only allegations against him were about an adult "woman," not "a minor." *Id.* at *5. In response, the diocese sought dismissal under the First Amendment, arguing that the plaintiff's claims would both "impede the church's authority to manage its own affairs" and require the court to "resolve a religious question"—namely, "whether the Diocese properly applied Canon Law" in deciding the deacon was credibly accused of abusing a minor. *Id.* at *1.

In an 8-1 decision, the Supreme Court of Texas granted mandamus and ordered the case dismissed. *Id.* at 10. It held that the First Amendment's "ecclesiastical au-

1

tonomy" doctrine bars "impos[ing] civil liability upon a church for complying with its own internal rules and regulations or resolving a religious matter." *Id.* at *5; *see id.* at *4 n.1. It rejected the plaintiff's request to apply "neutral principles" of tort law to resolve the claim, reasoning that "a court may not rely on neutral principles when application of those principles would impose civil liability on a church that complies with its own internal governance." *Id.* at *7. And it held that "evaluat[ing] whether the Diocese properly applied Canon Law" in its actions would impermissibly entangle the court in "the internal decision making of a church judicatory body." *Id.* at *6 (citing *Whole Woman's Health v. Smith*, 896 F.3d 362, 373-74 (5th Cir. 2018)).

*Guerrero* supports the Archdiocese's motion in multiple ways.

First, it confirms that church autonomy bars claims that would "impose civil liability upon a church that complies with its own internal governance" (*id.* at *7)—which is just what Starkey's claims would do here, by punishing the Archdiocese for complying with its internal rules for Catholic educators. ECF 114-1 at 34; *see also Lubbock*, 2021 WL 2386133, at *9 ("compliance with [an internal church] directive" was "a predicate to [the plaintiff's] suit").

Second, it confirms that "[a] civil court … is prohibited from determining whether a church properly applied its own principles and policies," including its understanding of "Canon Law" (*id.* at *8)—which is just what Starkey's claims would do here, by asking the Court to determine whether the Archdiocese applied its teachings consistently. ECF 114-1 at 35.

Third, it confirms that "ecclesiastical autonomy" and the "ministerial exception" are "independent" First Amendment doctrines, which protect religious organizations in different ways. *Lubbock*, 2021 WL 2386133, at *4 & n.1. So regardless of whether the ministerial exception applies in any given case, church autonomy doc-

2

trine bars claims arising from concededly religious decision-making. ECF 114-1 at 34-35.

Finally, *Guerrero* confirms why the ministerial exception applies here: because courts cannot "impermissibly interfere with a church's ability to regulate the character and conduct of its leaders." *Lubbock*, 2021 WL 2386133, at at *7. Here, Starkey was designated in her contract as a minister, was tasked with forming students in the faith, was commissioned as a minister, held herself out as a minister, and served as a department chair and leader helping make key decisions shaping the religious mission of the entire school. ECF 114-1 at 20-31. Yet her lawsuit directly challenges the Church's ability "to regulate the character and conduct of its leaders." *Lubbock*, 2021 WL 2386133 at *7.

Respectfully submitted,

| | |
|---|---|
| John S. (Jay) Mercer, #11260-49 | /s/ Luke W. Goodrich |
| Wooton Hoy, LLC | Luke W. Goodrich (DC # 977736) |
| 13 North State Street, #2A | Daniel H. Blomberg (DC # 1032624) |
| Greenfield, IN 46140 | Christopher C. Pagliarella (DC # 273493) |
| (317) 439-0541 | The Becket Fund for Religious Liberty |
| | 1919 Pennsylvania Ave NW, Ste. 400 |
| | Washington, DC 20006 |
| | (202) 955-0095 |
| | (202) 955-0090 fax |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following on June 28, 2021, by this Court's electronic filing system:

    Kathleen A. DeLaney
    Christopher S. Stake
    DeLaney & DeLaney LLC
    3646 N. Washington Boulevard
    Indianapolis, IN 46205

<u>By: /s/ Luke W. Goodrich</u>
Luke W. Goodrich
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave NW
Suite 400
Washington, DC 20006
(202) 955-0095
(202) 955-0090 fax